11 U.S. 194
 7 Cranch 194
 3 L.Ed. 313
 BARTON
v.
PETIT AND BAYARD.
 March 5, 1812
 
 Present. All the Judges.
 ERROR to the Circuit Court for the District of Virginia.
 The transcript of the record which was sent up, began by stating that 'Heretofore to wit, at rules held in the clerk's office of the said Court in the month of December, in the year 1807, Andrew Petit and Andrew Bayard, by Philip N. Nicholas, gent. their attorney appeared and filed their certain bill against Seth Barton and Thomas Fisher, which bill is in the following words, to wit: United States, fifth Circuit, district of Virginia, to wit: Andrew Petit and Andrew Bayard, citizens and inhabitants of the state of Pennsylvania, merchants and partners, trading under the firm of Petit and Bayard, Plaintiffs, complain of Seth Barton and Thomas Fisher, citizens and inhabitants of the state of Virginia, late merchants and partners trading under the firm of Barton and Fisher, Defendants in custody, of a plea that the said Defendants render unto the said Plaintiffs the sum of four thousand dollars, also one thousand and four pounds of tobacco at twelve shillings and six pence the hundred weight, being of the value of twenty dollars and ninety-two cents, which to the said Plaintiffs the said Defendants owe, &c.; stating a judgment of the General Court of Maryland.
 The record then states, that the Defendant, Seth Barton, having been arrested upon the capias ad respondendum, and being called, but not appearing, it was ordered that he appear at the next rules and give special bail, &c. which he did and pleaded payment, upon which the issue was joined, and verdict for the Plaintiffs. Whereupon the Defendant, Barton, moved in arrest of judgment; because,
 1. The declaration states a joint cause of action against this Defendant and a certain Thomas Fisher, and therefore a judgment ought not to be rendered against this Defendant alone.
 2. Because the Plaintiff has not in and by his declaration made a profert of the judgment stated in the declaration, under the seal of the General Court of Maryland, where the said judgment is stated to have been rendered.
 3. Because the said Thomas Fisher ought, upon a joint judgment against him and this Defendant, (the said Thomas being stated to be in life and a citizen and inhabitant of the district of Virginia) to be a party to the judgment, if one is rendered against the said Defendant; and
 4. Because the verdict is insufficient, uncertain, and wants form.
 This motion was overruled, and judgment entered upon the verdict against the Defendant, Barton, alone, 'for 4,000 dollars, also one thousand and four pounds of tobacco at twelve shillings and six pence the hundred weight, of the value of twenty dollars and ninety-two cents, and their costs, &c.' Whereupon the Defendant brought his writ of error.
 P. B. KEY, for the Plaintiff in error.
 1. The suit being joint, upon a joint debt, and the declaration being against both, averring both to be in custody, the judgment against one alone is erroneous.
 The writ of capias, not being considered as part of the record, according to the practice in Virginia, does not appear in the transcript. The record states, that Barton was arrested, but says nothing as to Fisher. No reason appears upon the record why he was not a party to the judgment. The declaration avers them both to be in custody, and complains against both. That is an averment of a fact upon record which the Plaintiffs cannot contradict.
 If it appears on the declaration, or in any of the proceedings on the part of the Plaintiff, that another was jointly bound with the Defendant, and is still living, judgment against one is error and must be reversed. 1 Sand. 291, (C.) note 4. 5 Bur. 2614.
 It is a rule in good pleading that the count must conform to the writ, and the bar and judgment to the count. Co. Lit. 203, a.
 If this count conforms to the writ, which in good pleading it ought to do, then both were taken, and the judgment is erroneous.
 But if both were not taken upon this joint writ for a joint debt, yet there is error. At common law, if there be process against two on a joint cause of action, and one only be taken, the other must be outlawed before there can be any other proceeding. Strange 473, Edwards v. Carter. But if you could proceed against one, you must, upon the return of the writ, count against one, stating that the other was not taken, according to the truth of the case, and this must appear upon the record to justify a judgment against one. To authorise a judgment againt one, upon a joint suit against two, there must be a discontinuance, abatement, or outlawry, or death suggested upon the record. You cannot aver any thing out of the record to support the judgment. Every thing necessary to justify the judgment must be affirmatively shewn in the record by the Plaintiff.
 2. The Court below erred in rendering judgment for more money than was authorized by the Maryland judgment, which was filed and declared upon as a judgment of record.
 This is not an action of debt upon a simple contract, but technically upon a judgment on record.
 The act of Congress of May, 1790, declares the mode of authenticating a judgment; and when so authenticated, it is to have the same faith and credit in every Court within the United States as in the Courts of that state in which it was rendered.
 It may be declared upon in the same manner as if it were a judgment of a Court of the state in which the suit upon it is brought. 2 Dal. 303, Armstrong v. Carson.
 Whenever a judgment or matter of record is the gist of the action, it must be certainly and truly alleged. Any variance is fatal.
 The Maryland judgment is for 4,000 dollars, and 1,004 lbs. of tobacco at 12 shillings and 6 pence per hundred. This 12 shillings and 6 pence must be Maryland currency, as the judgment was rendered in Maryland, where the dollar is 7 shillings and 6 pence. The value of the tobacco was only 16 dollars and 73 cents, whereas the judgment of the Court below fixes its value at 20 dollars and 92 cents, which was at the rate of 12 shillings and 6 pence, Virginia currency, per hundred.
 The Court was bound to take notice of the Maryland currency. It was matter of law; and if they have mistaken it, it is error.
 But if t was matter of fact, it ought to have been found by the jury; and their not having found it is error. Cro. Eliz. 536, Bagshaw v. Playn.
 If it is an error, it is not amendable. 1 Cranch 283, Thompson v. Jameson. And in such a case there can be no remittitur. 2 Salk. 658, Incledon v. Crips.
 E. I. LEE and SWANN, contra.
 1. There is no evidence in the record that will authorize the Court to take notice of the Maryland currency. Upon the plea of payment it was not necessary for the Plaintiffs to produce the record of the judgment in Maryland. Besides, it was a matter for the jury to ascertain, and they have found it. Their verdict was 'that the Defendant hath not paid the debt in the declaration mentioned.'The debt in the declaration mentioned was 'the sum of four thousand dollars, also one thousand and four pounds of tobacco at twelve shillings and six pence the hundred weight, 'being of the value of twenty dollars and ninety-two cents.' This was the debt which the Defendant pleaded that he had paid, and which the jury found that he had not paid. 2 Wash. 149, Strode v. Head.
 2. The averment in the declaration that the Defendants are in custody is only matter of form, and is always made in cases where the Defendants are not in custody, and cannot be holden to bail. In this very case, (it being debt on a judgment) according to the decisions in Virginia, the Defendant cannot be holden to bail. It is an immaterial averment, and if it appear by the record that one of the Defendants never was taken, a judgment against the other is not erroneous. 1. Wash. 9, Brown v. Belches.
 The omission of the clerk, at the rules, to enter the suit abated as to Fisher, is not error.
 By the statute of Virginia respecting the District Courts of that state it is enacted 'that where the sheriff or other officer, shall return on any writ of capias to answer in any civil action, that the Defendant is not found within his bailiwick, the Plaintiff may either sue out an alias or a plurias capias, until the Defendant shall be arrested, or a testatum capias where he shall be removed into another county; or may at his election sue out an attachment against the estate of the Defendant to force an appearance.' Rev. Code, p. 86, § 33. And 'on the return of the pluries, that the Defendant is not found, the Court, instead of the process of outlawry formerly used, may order a proclamation to issue, warning the Defendant to appear at a certain day therein named, or that judgment will be rendered against him, which proclamation shall be published,' &c.—'and if the Defendant fails to appear pursuant to such proclamation, the same proceedings shall be had, and the same judgment given, as in other cases of default.' Rev. Cove. p. 87, § 41.
 By the statute of Virginia respecting the County Courts, 'for the better ascertaining what process may be sued out, where the sheriff or other officer returns that the Defendant is not to be found in his bailiwick, it is enacted that where any sheriff or other officer shall make such return the Plaintiff or Plaintiffs in any civil action, shall and may sue an attachment, &c. to force an appearance, or an alias or pluries capias, at the election of the Plaintiff or Plaintiffs:' 'and where any Defendant shall be a known inhabitant of another county, and not of the county of that Sheriff to whom the process shall be directed, such sheriff shall return the truth of the case, but not that the person is not found in his county, and thereupon such process issued from any County Court clerk's office, as to such Defendant, shall abate and be dismissed.' Rev. Code, 95, § 32.
 By the former act, Rev. Code, p. 86, § 35, rules are to be holden monthly at the clerk's office, and 'the Plaintiff shall file his declaration in the clerk's office at the succeeding rule day after the Defendant shall have entered his appearance, or the Defendant may then enter a rule for the Plaintiff to declare, which if he fails or neglects to do, at the succeeding rule day, he shall be non-suited' and pay costs, &c.
 The practice, under these statutes in Virginia, is to enter the suit abated against a Defendant who is returned by the sheriff 'no inhabitant of his county,' and to proceed against the other; and the declaration is always joint, and in the same form as if both had been taken.
 After one Defendant has appeared, the Plaintiff is bound by law to declare against him or to suffer a non-suit.
 So if one suffers judgment to be rendered against him by default, you proceed against the other and file your declaration against both. So one Defendant in custody may confess judgment, and you proceed against the other. In the case of Brown v. Belches, cited from Washington's Reports, the declaration was against both, and stated them both to be in custody; and such has been the uniform practice for more than 20 years.
 Afterwards, E. I. Lee obtained a certiorari upon a suggestion that the transcript of the record did not contain the writ of capias ad respondendum against Barton and Fisher and the marshal's return thereupon.
 Upon the return of the certiorari, the clerk sent up a copy of the capias, which was in the usual form, against both Defendants, and of the marshal's return, which was 'executed on Seth Barton only, and bailed by Thomas R. Rootes.'
 The clerk also certified 'that the said capias not having been executed upon the said Thomas Fisher, an alias capias was awarded against him, which has not been returned; and the attorney for the Plaintiffs having information that that Defendant was no inhabitant of the Virginia district, at rules held at the clerk's office in the month of June, in the year 1809, caused the said suit to be abated as to the said Thomas Fisher.'
 This was stated by E. I. Lee to be conformable to the practice in Virginia.
 March 14th. All the Judges being present,
 WASHINGTON, J. delivered the opinion of the Court as follows:
 
 
 1
 This was an action of debt brought in the Circuit Court for the district of Virginia by Petit and Bayard against Seth Barton and Thomas Fisher, upon a judgment rendered in the General Court of Maryland. The declaration is against the said Barton and Fisher, late merchants and partners, trading under the firm of Barton and Fisher, citizens and inhabitants of the state of Virginia, both of whom are alleged to be in the custody of the marshal. The record states that Barton, who had been arrested upon the capias, gave bail and put in the plea of payment, on which an issue was joined, and a verdict was rendered against him. He afterwards moved in arrest of judgment, and, amongst other reasons, assigned the following, viz. That the declaration states a joint cause of action against the said Barton and one Thomas Fisher, and that, therefore, a judgment ought not to be rendered against him alone. The motion in arrest of judgment having been argued and overruled, judgment was rendered against Barton, and the record has been removed into this Court by writ of error.
 
 
 2
 The general rule certainly is, that if two or more persons are sued in a joint action, the Plaintiff cannot proceed to obtain a judgment against one alone, but must wait until the others have been served with process, or until the other Defendants have been proceeded against as far as the law authorizes for the purpose of forcing an appearance. In England the Plaintiff must proceed to outlaw the Defendants who have not been served, before he can proceed against those who appear. In Virginia, where this suit was brought, the Plaintiff might have taken out an alias and a pluries capias, or testatum capias, or, at his clection, an attachment against the estate of such Defendant; or, upon the return of a pluries not found, the Court may other a proclamation to issue, warning the Defendant to appear on a certain day, and, if he fail to do so, judgment by default may be entered against him.
 
 
 3
 But, whatever may be the mode provided by law for forcing an appearance, the Plaintiff cannot proceed to obtain a judgment against one Defendant in a joint action against two, until he has proceeded against the other as far as the law will authorize, unless the law dispenses with the necessity of proceeding against the other Defendant beyond a certain point to force an appearance. Thus, in Pennsylvania, (as is known to one of the judges of this court) if the sheriff return non est as to one Defendant, the Plaintiff may proceed against the other on whom the writ was served, stating, in his declaration, the return of the writ as to his companion.
 
 
 4
 To remove the objection which arises in this case, the Plaintiff obtained a certiorari to the Circuit Court of Virginia on a suggestion of diminution, and it now appears, by the certificate of the clerk of that court, that an alias capias issued against Thomas Fisher, which was not returned, but the Plaintiff's attorney caused the suit to be abated as to the said Fisher, upon information which he had received that the said Fisher was no inhabitant of the district of Virginia. Had the marshal returned the writ and stated this fact, the law would have abated it as to Fisher; in which case the objection to the subsequent proceedings against Barton would have been removed. But since the Plaintiff could not have supported his action originally against one Defendant on a joint cause of action where it appeared by his own showing, or by a plea in abatement, that there was another person who was jointly bound, and might be sued, he ought not to be permitted, after stating a joint cause of action, to abate or discontinue his action against one, unless authorized to do so by the return of the process against that Defendant. If he does so, it furnishes a good ground for arresting the judgment.
 
 
 5
 It is contended, in support of this judgment, that, as, by the law of Virginia, the Plaintiff must file his declaration at the next succeeding rule day after the Defendant shall have entered his appearance, or that the Defendant may rule him to do so, which if he fails to do, he shall be non-suit, the Plaintiff not only may, but is bound to proceed against one Defendant alone, after he has appeared. But the Court understands this law as applying to a single Defendant, or, if there be more, to the appearance of all the Defendants.
 
 
 6
 Judgment reversed.