## DAVIS v. GRANISS and Others.

Assumpsit against *A.* and *B.*, the former of whom pleaded in bar of the action, and the latter, on whom process had been served, failed to appear. *Held*, that a verdict and judgment could not be taken against *A.* alone.

ERROR to the *La Porte* Circuit Court.

SULLIVAN, J.—Assumpsit by *C. B. Graniss* and others against *Davis* and one *Allison* on a promissory note. *Davis* appeared and pleaded to the action. *Allison,* on whom process had been duly served, entered no appearance. An issue was made on the plea filed by *Davis*. Verdict and judgment against *Davis* alone.

This judgment must be reversed. The error consists in taking judgment against one of the defendants only. The principles which govern suits against joint contractors are, we presume, familiar to all. A judgment by default should have been taken against *Allison*, and the jury that tried the issue made on the plea filed by *Davis*, should have been sworn to assess the damages against *Allison* also. 2 Arch. Pr. 28 (1).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the filing of the plea set aside. Cause remanded, &c.

*W. Quarles,* for the plaintiff.

*J. A. Liston,* for the defendants.

(1) The verdict for the plaintiffs in such case is as follows: The jurors, &c. say upon their oath that the said *Henry Davis* did undertake and promise, in manner and form as the plaintiffs have within complained against him ; and they assess the plaintiffs' damages by reason of the not performing the promises and undertakings within mentioned, as well against the said *Henry Davis* as against the said *John Allison*, over and above the costs and charges of the plaintiffs by them about their suit in this behalf expended, to 200 dollars, &c. [Judgment against both as in ordinary cases.]: Arch. Forms, 338.

But if the plaintiff in such case fail to obtain a verdict against the defendant who pleads in bar of the action, the jury must be discharged from assessing damages against the other who let judgment go by default ; for the contract being entire, the plaintiff must succeed against both the defendants or neither of them. 2 Arch. Pr. 28.