Blackford, J.
— “ There- is a statute authorising the plaintiff, in certain cases to make the defendant a witness. R. S. eh. 47, § 81— 87. It is not necessary to enquire whether the statute applies to this case or not, as we think the witness, who does not appear to *165 have objected to being examined, was admissible independently of the statute.
“ The mere fact, that the witness was a party to the suit, did not render him Incompetent. That point is settled in the cases of Worrall v. Jones, 7 Bingh. 395, and Pipe v. Steele and others, 2 Ad. & Ell. N. S. 888; and it has heretofore been recognised by this Court. Henderson v. Reeves, 6 Blackf. 101. The case of Bridges v. Armour, 5 How. U. S. R. 91, and some others are the other way. But if the party himself do not object, and he have no interest to affect his admission, the Court should have the benefit of his testimony. In the present case we think the witness was competent, unless he was interested in favor of the plaintiff who called him.
“ The defendants say that Gould's default established Ms liability to the claim sued for, and that it was therefore his interest that Kin-caid should share the burthen. But the defendants mistake the law. Gould's liability after the default, depended on the result of the trial of the issue on Kincaid's plea. Should that issue be found for Kin-caid, the final judgment would be in favor of both defendants. 1 Saund. 207; Barton v. Pettit, 7 Cranch, 194; Davis v. Graniss, 5 Blackf. 79. And that judgment would be a bar to a subsequent suit on the joint contract. If Gould should be afterwards sued alone, for not accepting the cattle, &c., the suit must be on his separate contract, and then his default in the previous action, which was an admission only of the joint contract, would not be admissible evidence. This shows, that upon the issue, being found for Kincaid, the judgment by default against Gould would be wholly inoperative, in that or any subsequent suit. It was, of course, Gould’s interest, that that issue should be so found; and Kincaid could not object to him as a witness.
“ The defendants refer us to the case of Henderson v. Reeves, supra, and also to that of the Columbian M. Co. v. Dutch and others, 13 Pick. 125. In those cases, it is true, Brown v. Brown, 4 Taunt. 752, and Mant v. Mainwaring, 8 id, 139, are recognised as law; and it must be admitted, that those cases are against the competency of Gould as a witness. We are now satisfied, however, that Brown v. Brown and Mant v. Mainwaring were wrongly decided, and they have been recently overruled. The case in which they were overruled was very similar to the one before us. It was assumpsit against two persons, one of whom suffered judgment by default and *166 the other pleaded in bar. C. J. Denman delivered the opinion of the Court as follows:—
“‘ This case raised the important question, whether one of two defendants, who has suffered judgment by default, is a competent witness for the plaintiff in an action upon contract.
“£ The objection that he is a party to the record, which prevailed in Brown v. Brown, and Mant v. Mainwaring, has been deliberately overruled in Worrall v. Jones, a case of great authority, in which the Lord Chief Justice Tindal gave the unanimous judgment of the Common Pleas, that a party to the record may be examined as a witness, provided he be disinterested.
“ ‘ The point has frequently arisen of late, and in Green v, Sutton, 1 Moo. & R. 269, Lord Abinger rejected a person so situated, on the express ground that, having admitted himself liable by suffering judgment by default, he is directly interested in throwing a part of that burthen upon another, which was also the ground of the decision in Brown v. Brown. And if the joint liability were an established fact at the time when the witness is called, this argument would be conclusive. But, on the contrary, it is the very fact in issue; and the witness’s interest is, that it may not be established, because, unless it is, no judgment can be had against him in this action. He, indeed, after suffering judgment by default, may have little ground for expecting that he will ultimately escape the consequences of a joint liability; but his conduct, even in that respect, might admit of explanation. He might say that it occurred through an oversight; or his motive may have been to save the expense of disputing what he was aware his co-defendant would be able to disprove. That is the very issue which that co-defendant is actually maintaining ; if successfully , this witness shares the fruits of his victory; for the judgment will be in favor of both.
“ ‘ Now, if the principle of disqualifying for interest, is the fear that a witness may be tempted to commit perjury in favor of the party calling him, it should appear that, in the actual position of this cause, the defendant who was produced as a witness for the plaintiff was interested directly the other way. It therefore appears to us that the reason for excluding fails; and the witness ought to be received.’ Pipe and others v. Steele and others, supra.
“That authority shows that Gould was a competent witness for the plaintiff.”
Judgment affirmed, &c.