## KINCAID and Another *v.* PURCELL.

One of two defendants to an action on contract, who has suffered judgment by default, is a competent witness for the plaintiff in the same action, unless he is interested in favor of the plaintiff.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit, commenced before a justice of the peace, by *Purcell* against *Kincaid* and *Gould;* the declaration alleging the defendants to be partners. The suit was for refusing to accept and pay for certain cattle according to contract, and also for cattle sold and delivered.

The plaintiff, having obtained judgment before the justice for twenty dollars, appealed to the Circuit Court.

In the record of the cause in the Circuit Court, there is the following entry: " At this time come the parties, and the defendant, *Gould*, says nothing in bar or preclusion of the action; and the defendant, *Kincaid*, defends the action on the plea of non-assumpsit; and this cause is, by agreement of the parties, submitted to the Court for the trial of the issue on the plea of non-assumpsit of *Kincaid*, and for the assessment of damages against *Gould*."

Judgment in the Circuit Court against both defendants for 88 dollars and costs.

A bill of exceptions taken by the defendants shows that, at the trial, the plaintiff offered to examine the defendant, *Gould*, as a witness against both defendants. *Kincaid* objected to the witness so far as the evidence should be against him, *Kincaid*. The objection was overruled,

and the witness was permitted to give evidence against both himself and *Kincaid.*

The only objection which the defendants make to the judgment is, that *Gould* was improperly permitted to give evidence against *Kincaid.*

There is a statute authorizing the plaintiff, in certain cases, to make the defendant a witness. R. S. 1843, c. 47, ss. 81, 87. It is not necessary to inquire whether the statute applies to this case or not, as we think the witness, who does not appear to have objected to being examined, was admissible independently of the statute.

The mere fact that the witness was a party to the suit did not render him incompetent. That point is settled in the cases of *Worrel* v. *Jones*, 7 Bingh. 395, and *Pipe* v. *Steele et al.*, 2 Ad. and Ell. N. S. 888; and it has heretofore been recognised by this Court. *Henderson* v. *Reeves*, 6 Blackf. 101. The case of *Bridges* v. *Armour*, 5 How. U. S. 91, and some others, are the other way. But if the party himself do not object, and he have no interest to affect his admission, the Court should have the benefit of his testimony. In the present case, we think the witness was competent, unless he was interested in favor of the plaintiff who called him.

The defendants say that *Gould's* default established his liability to the claim sued for, and that it was, therefore, his interest that *Kincaid* should share the burthen. But the defendants mistake the law. *Gould's* liability, after the default, depended on the result of the trial of the issue on *Kincaid's* plea. Should that issue be found for *Kincaid*, the final judgment would be in favor of both defendants. 1 Saund. 207.—*Barton* v. *Pettit et al.*, 7 Cranch, 194.—*Davis* v. *Graniss et al.*, 5 Blackf. 79. And that judgment would be a bar to a subsequent suit on the joint contract. If *Gould* should be afterwards sued alone for not accepting the cattle, &c., the suit must be on his separate contract, and then his default in the previous action, which was an admission only of the joint contract, would not be admissible evidence. This shows, that upon the issue being found for *Kincaid*, the judgment by default

against *Gould* would be wholly inoperative in that or any subsequent suit. It was, of course, *Gould's* interest that that issue should be so found; and *Kincaid* could not object to him as a witness.

The defendants refer us to the case of *Henderson* v. *Reeves, supra,* and also to that of the *Columbian M. Co.* v. *Dutch et al.,* 13 Pick. 125. In those cases, it is true, *Brown* v. *Brown,* 4 Taunt. 752, and *Mant* v. *Mainwaring,* 8 id. 139, are recognised as law; and it must be admitted that those cases are against the competency of *Gould* as a witness. We are now satisfied, however, that *Brown* v. *Brown* and *Mant* v. *Mainwaring* were wrongly decided, and they have both been recently overruled. The case in which they were overruled was very similar to the one before us. It was assumpsit against two persons, one of whom suffered judgment by default, and the other pleaded in bar. Chief Justice *Denman* delivered the opinion of the Court as follows:

" This case raised the important question, whether one of two defendants, who has suffered judgment by default, is a competent witness for the plaintiff in an action upon contract?

" The objection that he is a party to the record, which prevailed in *Brown* v. *Brown* and *Mant* v. *Mainwaring,* has been deliberately overruled in *Worrall* v. *Jones,* a case of great authority, in which the Lord Chief Justice *Tindal* gave the unanimous judgment of the common pleas that a party to the record may be examined as a witness, provided he be disinterested. We are to decide, therefore, whether such a defendant is disinterested.

" The point has frequently arisen of late: and in *Green* v. *Sutton,* 2 Moo. & R. 269, Lord *Abinger* rejected a person so situated, on the express ground that, having admitted himself liable by suffering judgment by default, he is directly interested in throwing a part of that burden on another; which was also the ground of the decision in *Brown* v. *Brown.* And, if the joint liability were an established fact at the time when the witness is called, this argument would be conclusive. But, on the contrary, it

is the very fact in issue: and the witness's interest is that it may not be established, because, unless it is, no judgment can be had against him in this action. He, indeed, after suffering judgment by default, may have little ground for expecting that he will ultimately escape the consequences of a joint liability; but his conduct even in that respect might admit of explanation. He might say that it occurred through an oversight; or his motive may have been to save the expense of disputing what he was aware that his co-defendant would be able to disprove. That is the very issue which that co-defendant is actually maintaining; if successfully, this witness shares the fruits of his victory; for the judgment will be in favor of both. "Now, if the principle of disqualifying for interest is the fear that a witness may be tempted to commit perjury in favor of the party calling him, it should appear that, in the actual position of this cause, the defendant who was produced as a witness for the plaintiff was interested directly the other way. It, therefore, appears to us that the reason for excluding fails; and the witness ought to be received." *Pipe et al.* v. *Steele et al., supra.*

That authority shows that *Gould* was a competent witness for the plaintiff.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*J. Ryman,* for the plaintiffs.

*S. Major,* for the defendant.