JOHN W. KELLER, Respondent, *v.* HENRY G. BLASDEL, JOHN FALL, DR. PINKERTON et als., known as the Building Committee of the Methodist Episcopal Church, Appellants.

If a contract is drawn up between certain parties for work to be performed by one party, for a compensation to be paid by the other, and one of the parties

neglects to execute it, and either by his silence or otherwise encourages the other to proceed with the work, the party not signing it would be liable, either upon the written contract or upon an implied contract, for the value of the work.

Persons jointly liable must all be made defendants, and a joint judgment rendered against all.

When one of the parties to a written contract fails to sign it, the presumption is that he has abandoned it. To overcome such presumption it is necessary for the party relying on the contract to prove that the other party authorized or encouraged him to proceed under the contract.

APPEAL from the District Court of the First Judicial District, State of Nevada, Storey County, Hon. RICHARD RISING presiding.

*Reardon & Hereford,* for Appellants.

*Taylor & Campbell,* for Respondent.

Opinion by LEWIS, C. J., full Bench concurring.

This action was brought to recover the sum of fifteen hundred and sixty dollars for work and labor performed on the Methodist Episcopal Church in the City of Virginia. The plaintiff declares against four defendants, styling them the Building Committee of the Methodist Episcopal Church. A jury having been waived, the case was tried by the Court, who found as matter of fact, " that the plaintiff, in the months of October and November, 1863, at the instance and request of H. G. Blasdel and one Prince, performed work and labor, furnished and delivered materials, in and about the plastering and cornice work upon the premises known as the Methodist Episcopal Church in the City of Virginia," and after finding the value of the work and materials furnished, and also the amount paid plaintiff on the contract, finds as a conclusion of law, that the plaintiff is entitled to judgment against the defendants Blasdel and Prince for the sum of thirteen hundred and thirty-eight dollars, and judgment for that sum was regularly entered. There is scarcely a scintilla of testimony in the record to sustain the finding of the Judge below, or to authorize a joint judgment against the appellants. It appears from the evidence that a contract was drawn up between the plaintiff and the Building Committee of the church, which

was signed only by himself. It also appears from his own testimony that Paul, Deal, Prince and Anthons were the persons who were to execute it on behalf of the Committee. Though signed by himself alone, the plaintiff seems to have treated the contract as fully executed, and acted upon it accordingly. No other contract is shown between himself and the Committee. No explanation is offered as to why the one above referred to was not signed by those who were to execute it; nor is there anything to show that the Committee had anything whatever to do with the contract above referred to, either by authorizing it to be drawn up or subsequently ratifying it. If it were drawn up by their authority and they merely neglected to execute it, without intending to abandon it altogether, and either by their silence or otherwise encouraged the plaintiff to proceed with the work, he not knowing that they were merely acting as the agent of the church association, they would undoubtedly be liable either on the written contract or for the reasonable value of the work so performed. But on the other hand, if the contract was entirely abandoned by the Committee, and the plaintiff went on to do the work without any authority from them, they cannot of course be holden to him. Whether this was in fact the case, it is impossible to determine from the evidence presented to us in the transcript. The presumption which naturally arises from the failure to execute the contract is, that it was entirely abandoned. To overcome this presumption the plaintiff should have shown that the Committee in some way authorized or encouraged him to proceed with the work. This is not done. The plaintiff, therefore, failed to make out a case against the Building Committee as such. But even if it be admitted that the evidence is sufficient to establish the plaintiff's case against the Committee the judgment is erroneous, for if any liability whatever be shown, it is a joint, and not a several liability, and the judgment should have been rendered against all the members of the Committee or none. Persons jointly liable must all be made defendants, and a joint judgment rendered against all. It is shown by the testimony in this case that other persons besides those against whom judgment was rendered were members of the Committee, and

were equally liable, if indeed any of them can be holden. It only remains to be determined whether the testimony in the case establishes any liability on the part of the defendants, against whom judgment is rendered, independent of the Building Committee. We think it does not. The only expressions in the entire testimony from which any individual liability might be inferred are the following sentences which occur in the plaintiff's testimony : " I did the work named in the complaint. I did it for the defendant, Blasdel, as I thought." But this expression, taken in connection with the balance of his evidence, clearly shows that no such individual liability exists.

Plaintiff shows by his own testimony that he treated the contract with the Committee as fully executed and binding upon them, and that he did the work under it. He also swears that the only parties who were to sign that contract were Paul, Deal, Prince and Anthons. How is it possible, then, that he thought he was doing the work for the defendant Blasdel ? The plaintiff seems to have concluded that because the contract was drawn up at the request of the defendant Blasdel, he was liable upon it. He says : " I made the contract with Governor Blasdel ;" and yet the contract itself shows that it was not with him, but with the Building Committee, for that is the only contract referred to in the testimony. The fact that the defendant Blasdel was not to sign it is conclusive that he did not intend to be bound by it, and there is no evidence of any other contract between him and the plaintiff. There is no evidence whatever tending to establish any liability on the part of the defendant Prince, independent of the other members of the Committee, or jointly with the defendant Blasdel. As there were several other members of the Committee, it was error to render judgment against him as one of the several joint contractors.

Judgment must be reversed and cause remanded.