## THE BULLION MINING COMPANY, Respondent, *v.* THE CRŒSUS GOLD AND SILVER MINING COMPANY, Appellant.

Where there is a joint judgment in ejectment against several, a reversal as to one of the defendants necessarily reverses it as to all.

An erroneous judgment may become valid and binding by lapse of time. No Appellate Court will take any active or positive steps to affirm such judgment.

An Appellate Court certainly has the power to reverse an erroneous judgment rather than to modify it. If an order is made reversing a judgment, the term expires and the remittitur is sent to the Court below, it is then too late to ask this Court to change its order so as to modify the judgment of the Court below, rather than to make it an unqualified reversal.

The Bullion Mining Co. *v.* The Crœsus Gold and Silver Mining Co.

This was a motion made in this Court, asking that a certain judgment of reversal, entered several terms back, might be so amended as to make the reversal only affect the party who took and prosecuted the appeal. The facts of the case are stated in the opinion.

*D. Bixler*, for the Motion.

Only the party aggrieved can appeal, and then only from that part of the judgment wherein he is aggrieved. (Sec. 273, Practice Act; Sec. 325, N. Y. Code; Voorhies Code, 461; *Cuyler* v. *Moreland*, 6 Paige, 273; *Idley* v. *Bowen*, 11 Wend. 227; *Steele* v. *White*, 2 Paige, 481; *Reid* v. *Vanderheyden*, 5 Cow. 719.)

Any one of several parties considering himself aggrieved by the judgment may appeal, whether his coplaintiffs or codefendants join in the appeal or not. (*Matthieson* v. *Jones*, 9 How. P. R. 152.)

In an action of tort, and judgment against two or more, if one only appeals the judgment should be reversed as to the appellant only. (Sec. 283 of Practice Act, and *Geraud* v. *Stagy*, 10 How. P. R. 369; also, *Wilson* v. *Moore*, 2 Dutcher, N. J., 458.) A several judgment might have been taken in the Court below as to the Crœsus Company, and no right of contribution exists. Therefore no injury could result from a partial reversal of the judgment. No right of either appellant or respondent would be lost thereby, and the Court only has to deal with them.

The Crœsus Company occupied a distinct portion of the mine, whilst the other defendants occupied the other portions. There might have have been a several judgment against the Crœsus Company for the part occupied by it. How does it injure that company to let that judgment stand against the others who do not complain and have not appealed ?

*Aldrich & DeLong*, in opposition to the Motion.

This motion cannot be sustained.

For the reason that there is no clerical error in the judgment, nor any error in the form, in which cases alone the Court has virtually decided it will take back and reverse a judgment. (*Sparrow & Trench* v. *Strong et al.*, 2 Nev. 364.)

For the reason that the remittitur from the Court having been issued and sent to the Court below, this Court thereby lost all jurisdiction over this action, and there is in fact no case here. (1 Cal. 194; 1 Comstock, 240; Ib. 241; 7 Hill, 591; and *Mateer* v. *Brown*, 1 Cal. 231.)

For the reason that the judgment in the cause is correct as it is, and it would be erroneous in this Court to amend it as requested to do.

The rule is well settled that an entire judgment against several defendants, whether in an action of tort or upon a contract, cannot be reversed as to one defendant, and affirmed as to others. (*Farrel* v. *Calkins*, 10 Barb. 349, and authorities cited in the opinion; *Sheldon* v. *Quinlan*, 5 Hill, 441, and authorities there cited.)

A several judgment in this action would not have been proper, because there is nothing in the complaint to show that the several defendants occupied and claimed several and distinct portions.

We refer to the following authorities in 20 U. S. Digest, 593, Sec. 562, where it is said: " Where judgment is right as to one party, but wrong as to the others who were sureties, it was held that it could not be set aside as to them, and affirmed as to him; but there must be a general reversal and a new trial," citing *Draper* v. *State*, 1 Head. Tenn. 262; also on page 569 is the following: " In an action of right the judgment is an entirety, and if reversed as to one defendant it must be to all," citing *Cavender* v. *Smith*, 5 Clark, Iowa, 157.

Opinion by BEATTY, C. J., LEWIS, J., concurring.

At the July term of this Court in the year 1866 this case was decided, reversing the judgment of the Court below, and sending the case back for further proceedings. (See 2 Nevada Reports, 168.) Now at this time the respondent moves the Court so to modify the judgment as to reverse it only as to the appellant, the Crœsus G. & S. Mining Co., and to let the judgment stand as to the Minerva Company, which was one of the defendants, but which did not join with the Crœsus Company in taking an appeal.

The judgment was joint in form against the Crœsus, the Minerva,

and the Superior Companies. The Crœsus Company alone gave notice of appeal, and prosecuted. the same in this Court. It is therefore contended that as the other two defendants did not appeal, the judgment should stand good as to them. It was undoubtedly the former rule that the reversal of such a judgment as to one defendant would destroy its validity as to all. (See *Farrel* v. *Calkins*, 10 Barb. 349; *Sheldon* v. *Quinlan*, 5 Hill, 44.)

But in the case of *Geraud* v. *Stagg*, 10 Howard Practice Reports, 369, the New York Court of Common Pleas held that where there was an entire judgment against two in an action for libel, and one only of the defendants appealed, the Appellate Court might reverse the judgment as to appellant, and leave it standing as to the other party. This decision is admitted to be in conflict with the general current of former decisions, but is based on and justified by the peculiar language of the code. In the case of *Farrel* v. *Calkins*, 10. Barb. 349, decided in the Supreme Court, it appears from a note of the reporter that the attention of the Court was called, in a petition for rehearing, to this peculiar language of the code, and the Court still adhered to its former opinion : that where there was an entire judgment against several, a reversal as to one would necessarily reverse the judgment as to all. So there is a conflict of authority among the New York Courts as to whether, under any circumstances, an Appellate Court can reverse a judgment as to one of several defendants, and leave it good as to the others. The point has never been decided by the Court of Appeals in that State, so far as we are aware. But conceding that the Court of Common Pleas was right in the case of *Geraud* v. *Stagg*, is this a case to which the rule would apply ? The language of the New York code and our Practice Act is similar, and the same construction should be given to both. In this case the Bullion Company is plaintiff, charging that several defendants occupy certain real estate claimed by plaintiff. The judgment is joint against all. Now, how is it possible to let such a judgment stand as to part of the defendants and be reversed as to another ? If a plaintiff has judgment in ejectment, or in our action for the recovery of real estate, which is analogous to the action of ejectment, the judgment is that he have possession of the

real estate sued for, and execution for his costs.   If there be several defendants, and the plaintiff have judgment against a part of them for the whole of the land sued for, and the other defendants have judgment for their costs, this judgment would indicate that plaintiff was entitled to all the land, but that he had sued some defendants who were not in possession of or trespassing on the land in controversy.   Probably such a judgment would only be justified in those cases where part of the defendants in such action should disclaim all interest in or possession of the land sued for.   If this judgment were to be made good as to all the defendants except the Croesus Company, the effect would be that, under an execution against the other defendants, the Croesus Company would be turned out of possession of property which it claims as its own, and which this Court held has never been properly recovered from it.

But, says the petitioner, the judgment in this case might have been different.   It might have been against the Croesus Company for that part of the property which was claimed by that corporation, a separate judgment against the Minerva for what was claimed by that company, and so on as to each company claiming a separate portion of the property sued for.   This is perhaps true ; and if such several judgments had been entered up against the several companies claiming distinct portions of the property sued for, and only a joint judgment for costs against all the defendants, then we are inclined to think it might have been very proper to reverse that portion of the judgment which related to the property specially claimed by the appellant, the Croesus Company ; reversed also the judgment for costs so far as the Croesus Company was affected thereby ; and left the other portions of the judgment standing.   But the judgment for the property being jointly against all, the reversal as to one necessarily reverses it as to all.

It may be suggested that this Court might have modified the judgment in the Court below so as to have made it a good judgment for all the property in dispute except that claimed by the Croesus Company.   This we think would have been manifestly improper.   The judgment could only have been modified by setting it aside, and directing the Court below to enter several judgments against the several defendants, other than the Croesus

Company, for the several portions claimed by each.   Such an order might be made under proper circumstances.   But in this case the Court held that plaintiff had no right to a judgment against any of the defendants.   It would hardly then order an erroneous judgment to be set aside and several others equally erroneous to be entered in its place.   An erroneous judgment may become final and effective against a party by his negligence in failing to take an appeal.   But no Appellate Court will take any active or positive steps to affirm such judgment.   If affirmed, it must be by lapse of time, and not by positive action of the Court.

But there is still another and fatal objection to granting this motion.   Several terms of the Court have elapsed since the case was decided.   The remittitur went from this Court long since. There is no question but that the Clerk entered up the judgment as directed by the Court.   There is no doubt but that if there was error in the proceedings of the Court below, as we have decided, this Court had the power and discretion to reverse the entire judgment as to all the parties, rather than to modify it or only give judgment for a partial reversal.   Then having decided to reverse the judgment in whole, and not as to one of the defendants only, it is too late now to ask for a modification of that judgment.

JOHNSON, J., having been counsel in this case, does not participate in this decision.