Stapp, Adm'r, v. Davis, Adm'r, et al.

No. 8422.

STAPP, ADM'R, v. DAVIS, ADM'R, ET AL.

DEFAULT.—*What Admitted by.*—As a general rule, a default admits the facts stated in the complaint, but not allegations of quantity or value.

SAME.—*Answer in Defence by one of two Defendants.*—Where one of two defendants answers a defence which will defeat the entire action, it will inure to the benefit of both, although one suffers a default.

SAME.—*Separate Defences.*—Where the defences are distinct and separate, and the defence pleaded exonerates one defendant only, the plaintiff may have judgment against the defendant defaulted, although he fails as to the one who pleads.

From the Dearborn Circuit Court.

*D. H. Stapp, H. D. McMullen, D. T. Downey* and *J. A. Parks*, for appellant.

*W. S. Holman*, for appellees.

ELLIOTT, C. J.—Elam H. Davis, administrator of the estate of William Brewington, deceased, and Joshua Brewington, were jointly sued by the appellant. Joshua Brewington did not answer the complaint, and a default was entered against him. An issue was joined between appellant and Elam H. Davis, administrator, and was submitted to a jury for trial.

Appellant very earnestly insists that he is entitled to a new trial as to both of the appellees for the reason that the verdict is not sustained by the evidence. It is enough for us to say that there was evidence justifying the conclusion reached by the jury. This disposes of the case so far as concerns the appellee who made a defence to the action.

The question presented as to the right to a reversal against the defendant who suffered default is different. The general rule is that the failure to answer a complaint admits all the material allegations which it contains except such as relate to the damages. The cause of action, but not the damages, is admitted by the default. *Briggs* v. *Sneghan*, 45 Ind. 14. This is a general, but not an universal rule. It prevails where there

is a single defendant, and where, although there are two or more defendants, the causes of action are distinct and several. It does not prevail where two or more persons are sued and one makes a defence which if sustained will defeat the entire right of recovery. In such a case the defence inures to the benefit of all the defendants, as well those who defend as those who suffer default. *Kincaid* v. *Purcell,* 1 Ind. 324; *King* v. *The State,* 15 Ind. 64; *Sutherlin* v. *Mullis,* 17 Ind. 19; *Mullendore* v. *Silvers,* 34 Ind. 98.

The defence in this case inured to the benefit of both the appellees so far as the cause of action set forth in one of the paragraphs of the complaint is concerned, but not as to the cause of action stated in another of the paragraphs. The causes are different and distinct, and upon one of them the appellant was clearly entitled to recover against the appellee Joshua Brewington. His own testimony shows a right of action against him, and one so far separate and distinct from that asserted against him and his co-defendant as to entitle the appellant to a recovery. As the testimony of Joshua Brewington discloses a right of action against him in favor of the appellant, and as such right of action may be treated as a distinct and several one, we think appellant is entitled to a new trial as against the said Joshua, although not as against his co-appellee.

The judgment as to Elam H. Davis, administrator, is affirmed; and, as to the appellee Joshua Brewington, reversed, with instructions to sustain appellant's motion for a new trial as to him.