[No. 2524]

IN THE MATTER OF THE ESTATE OF JANE FORSYTH,
  DECEASED. ALEXANDER C. FORSYTH, DIXON
  & MILLER, WAINWRIGHT AUTO COMPANY,
  RUTH MACKEY, AND HOWARD McKISSICK,
  APPELLANTS.

[204 Pac. 887]

1. JUDGMENTS — DECREE FOR SPECIFIC PERFORMANCE TO CONVEY
   REALTY HELD JOINT AS TO ALL DEFENDANTS.

   In a suit by an adopted son for specific performance of an
   agreement of his foster parents to leave him their property,
   a decree· of specific performance as to the whole property
   against all of the defendants including two defendants who
   had defaulted, was joint as to all of the defendants.

2. APPEAL AND ERROR—DECISION REVERSING CASE AS TO DEFAULT-
   ING AND NONAPPEALING DEFENDANTS MUST BE OBJECTED TO, IF
   CONSIDERED ERRONEOUS.

   In a suit for specific performance of a contract to leave
   plaintiff all the property belonging to deceased persons, in
   which two defendants defaulted, and after a joint judgment
   against defendants, including those who defaulted, an appeal
   was taken in which the judgment was reversed, and no
   modification was asked by plaintiff as to the interest repre-
   sented by defendants, who defaulted and who failed to
   appeal, plaintiff is precluded, after the retrial and judgment
   in favor of defendants, from raising by petition to the court
   the question of his rights as to the share of the defaulting
   and the nonappealing defendants, regardless of Rev. Laws,
   5239 and 5240, providing that a judgment may be entered
   against one or more of several defendants, when no judgment
   could be rendered against all.

3. JUDGMENT — STATUTES AUTHORIZING JUDGMENT AGAINST ONE
   DEFENDANT CONSTRUED TO PREVENT DISMISSAL AS TO ALL
   DEFENDANTS WHEN ONE WAS LIABLE.

   The purpose of Rev. Laws, 5239, 5240, providing that judg-.
   ment may be given for or against one or more of several
   defendants, when no judgment could be rendered against all,
   was to prevent dismissal as to all when it appeared that one
   was liable.

4. STATUTES—LEGISLATION CONSTRUED IN LIGHT OF PURPOSE To
   BE ACCOMPLISHED.

   All legislation must be construed in the light of the pur-
   pose sought to be accomplished.

APPEAL from Second Judicial District Court, Washoe
County; *Thomas F. Moran,* Judge.

In the Matter of the Estate of Jane Forsyth, Deceased. In a suit by Alexander C. Forsyth for specific performance of a contract by Jane Forsyth and her husband, both deceased, to leave him their property, against J. H. Heward, executor of Jane Forsyth, deceased, and others, a decree for Alexander C. Forsyth was reversed on appeal, both as to appealing defendants and as to defendants who defaulted and who failed to appeal. Alexander C. Forsyth filed a petition asking to be allowed the share of the defaulting and nonappealing defendants. From an order approving the final account of the administrator, and from the decree of distribution denying the petition of Alexander C. Forsyth and others for the share of the defaulting and nonappealing defendants, they appeal. **Appeal dismissed.**

*J. B. Dixon,* for Appellants:

The duties and rights of the executor or administrator extend only to the preservation of the estate and its distribution in the manner ordered by the probate court. The executor or administrator cannot represent either side of a contest between heirs, devisees, or legatees. Roach v. Coffey, 73 Cal. 281; Estate of Jessup, 80 Cal. 625; Goldtree v. Thompson, 82 Cal. 420; Estate of Healey, 137 Cal. 474; Estate of Sutro, 138 Cal. 81; Hayne, New Trial and Appeal, 1072.

The judgment and decree remained in full force as to the defaulting defendants. "This court has no jurisdiction over the other parties or over the judgment in so far as it affects them." Dick v. Bird, 14 Nev. 161. An appeal by or against a party to a judgment is absolutely necessary to give this court jurisdiction to make any order that will be binding upon such party, or that will affect his rights or liabilities under the judgment from which other parties to the action have appealed. Randall v. Hunter, 69 Cal. 80; Gutierrez v. Hebbard, 106 Cal. 167; U. S. Inv. Corp. v. Hospital, 40 Or. 523; Home S. & L. Assn. v. Burton, 20 Wash. 688; Morgan v. Good,

94 U. S. 599; Masterson v. Herndon, 10 Wall. 416; 3 C. J. 1005; 2 Ency. Pl. & Pr. 157, 184, 185, 188.

*James T. Boyd* and *Harlan L. Heward,* for Respondent:

This appeal should be dismissed and the decree of distribution sustained, appellants not being parties aggrieved or in interest. In the former appeal two of the heirs were not joined. Forsyth v. Heward, 41 Nev. 305. It is not necessary for individual heirs to appeal, the executor representing all. 11 R. C. L. 161. Claimants have no separate judgment against the defaulting defendants. "Judgment was entered without proof or any findings of fact. It was error to enter judgment in that manner." Ballard v. Purcell, 1 Nev. 342. "To be entitled to judgment by default, plaintiff must prove his case before getting a final judgment." Dowden v. Walrus Mfg. Co., 205 S. W. 258; Bullion M. Co. v. Crœsus G. & S. M. Co., 3 Nev. 336.

The decision in Forsyth v. Heward was not a reversal as to enumerated defendants, but was a clear and sweeping reversal of the judgment and order appealed from. 4 C. J. 1204, 1206. The judgment was a joint judgment. If Forsyth failed to make a case, his whole case failed, not a part of it only. 1 Black on Judgments, sec. 209. "It is a general rule that, in the absence of any statute to the contrary, an entire judgment, jointly binding on several, if reversed as to one, must be reversed as to all." 3 Cyc. 448. The judgment * * * affects the parties who did not appeal to the same extent as to those who did." In Re Union Trust Co., 114 N. E. 1048; In Re Schaefer's Estate, 182 N. Y. S. 732; Bullion M. Co. v. Crœsus G. & S. M. Co., supra.

By the Court, SANDERS, C. J.:

This is an appeal from an order approving the final account of the administrator of the estate, and from the decree of distribution. The administrator moves to

dismiss the appeal, upon the ground that appellants have no interest in the estate, are not aggrieved parties, and have no right to complain or to be heard.

The appellants base their claim to an interest in the estate upon assignments of one Alexander C. Forsyth, who, it is said, was entitled to said estate because of an alleged contract of adoption by said Jane Forsyth and her husband, and of an agreement that upon their death he should inherit their property. Some years after the making of the alleged agreements the husband of Jane Forsyth died, leaving all of his property to his wife. In 1913 Jane Forsyth died, leaving a will, and bequeathing and devising all of her property to certain designated persons, and naming J. H. Heward executor of her estate. The will was admitted to probate, and Heward qualified as · such executor. Thereafter a suit was brought by Alexander C. Forsyth, as plaintiff, against J. H. Heward, as executor of the estate of Jane Forsyth, and against the beneficiaries under the will, to compel the specific performance of the said agreements.

The defendant executor, and all of the other defendants except two, appeared and filed an answer to the complaint in that action, denying the allegations as to the making of the alleged contracts. In due time, the default of the nonappearing defendants was entered. Upon the trial of the case the court entered a judgment and decree in favor of the plaintiff and against all of the defendants, including those who had defaulted. The court in that case found as a fact that Jane Forsyth and her husband—

"promised and agreed to adopt the plaintiff as their own, give him their own name, and that on their death he, the said plaintiff, should become entitled to and inherit and have all of the property of which they or either of them might be possessed at the time of their deaths."

Upon said finding the court decreed as follows:

"And it is ordered, adjudged, and decreed that the said contracts or agreements so made by the said John

F. Forsyth and Jane Forsyth be, and they hereby are, specifically enforced in favor of the plaintiff, Alexander C. Forsyth. And it is further ordered and decreed that all and singular the property owned or possessed by the said Jane Forsyth, or to which she was entitled at the time of her death, real, personal, and mixed, be distributed to the said Alexander C. Forsyth, plaintiff in this action. It is further ordered, adjudged, and decreed that all of the property, real, personal, and mixed, owned or possessed by the said Jane Forsyth, at the time of her death, be, and hereby is, vested forthwith in the plaintiff, the said Alexander C. Forsyth."

After said judgment and decree had been rendered, the appearing defendants filed a motion for a new trial, which being denied, they appealed, and this court, upon consideration thereof, reversed the judgment and order appealed from in its entirety. Thereafter the appellants in this matter filed, in the matter of the estate of Jane Forsyth, a petition asking that the shares of the two nonappearing defendants in the suit just mentioned, and whose default had been entered, and against whom a judgment had been entered in the trial court, and who had not appealed, be distributed to them. The court, being of the opinion that appellants had no interest in the estate, denied their petition and distributed the estate as directed by the will, from which order this appeal has been taken.

In his brief and oral argument, counsel for appellants (of whom he is one) says that this court had no authority to reverse the judgment and order in the specific performance suit as to the nonappearing parties, that the judgment of the trial court as to them is in full force and effect, and that their share of the estate should have been distributed to the appellants.

Before disposing of this point, we simply wish to allude briefly to the contention of counsel for appellants that the executor could not, and did not, by his appeal, bring the entire case to this court, so as to confer upon it authority to reverse the judgment of the lower

court as to the nonappearing defendants. It seems to us that counsel occupies a rather anomalous position. He made the executor of one of the parties defendant in the action for specific performance. He not only invited him to defend the action, but forced him in. He stood by and saw him defend in the district court, observed his performance in appealing to this court, without protest or objection, and after a final judgment is rendered in favor of the defendants he comes forward and says, in substance, that the executor could play no part in the proceeding. A copy of the complaint in the action is not in the record before us, and we cannot ascertain just what relief was asked against the executor. We assume that counsel for appellants knew the law when that suit was brought as well as he does now, and we are justified in assuming that he sought relief against the executor, and not merely to have the rights of conflicting claimants to the estate determined. So far as we can tell, in the complaint in that action the plaintiff sought to have the estate set aside to the plaintiff under a contract, discharged of the debts of the estate and of the expense of administration. In fact, in view of counsel's position now, such must have been his theory at that time to have warranted the making of the executor a party defendant. Let this be as it may, we do not think the question is a vital one, and we will not pursue it further.

We come now to consider the force and effect of the order of reversal in the specific performance suit, the history of which is detailed in the opinion in Forsyth v. Heward, 41 Nev. 305, 170 Pac. 21. This court held that no contract such as alleged in the complaint had been established by the evidence, by which ruling the very foundation for the judgment in the lower court against the nonappealing as well as the appealing defendants was wiped out, and hence it was proper that the same be reversed as an entirety. Appellants now base their claim upon a mere naked legal right.

1. We are of the opinion that the judgment and decree as rendered in the district court was joint as to all of the defendants. We do not see how it could very well have been otherwise, at least as to the real estate. The plaintiff did not obtain judgment for any specific lot, tract, or portion thereof against each of the defendants, but obtained judgment for the whole against all of the defendants. If a possessory action had been instituted by the plaintiff upon the judgment and decree as rendered, it must necessarily have been against all of the defendants, for the judgment in the possessory action must have followed the judgment upon which it was based, and the writ or order to the sheriff to dispossess the defendants must have followed the judgment.

2. The judgment being, as it seems, a joint one, the query is: Should the order of reversal have been as to all of the defendants—those in default as well as the others? Authorities sustaining the affirmative view are: In Re Union Trust Co., 219 N. Y. 537, 114 N. E. 1048; In Re Schafer's Estate, 182 N. Y. Supp. 732; 1 Black on Judgments, sec. 209; 3 Cyc. 448. Such was accepted as the rule in Nevada. Keller v. Blasdel, 1 Nev. 491–493. In Bullion M. Co. v. Crœsus G. & S. M. Co., 3 Nev. 336, wherein an application was made to modify a former order reversing a judgment as an entirety, so as to make the reversal as to the appellant only, the court said:

"If such several judgments had been entered up against the several companies claiming distinct portions of the property sued for, and only a joint judgment for costs against all the defendants, then we are inclined to think that it might have been very proper to reverse that portion of the judgment which related to the property specially claimed by the appellant * * * and left the other portions of the judgment standing. *But the judgment for the property being jointly against all, the reversal as to one necessarily reverses it as to all.*" (Italics ours.)

But it is said that the rule thus enunciated was overthrown in Wood v. Olney, 7 Nev. 109–115. The court did not have under consideration in that case a state of facts similar to those involved in the former case, and did not allude to it, nor seek to overrule it. True, the court says:

"* * * The position that the judgment, being joint, must be reversed in toto, if not good as an entirety, is untenable."

It is clear that this language, used in connection with the state of facts with which it was dealing, is sound; but whether it can be interpreted as overthrowing the holding in the Bullion-Crœsus case, involving a joint judgment as to *realty,* is questionable. We are not so sure but that the language quoted should be construed in the light of the rule that a decision is an authority only for what is actually decided under the particular facts of the case. Jensen v. Pradere, 39 Nev. 466, 159 Pac. 54.

3. Counsel for appellants does not invite our attention specifically to sections 5239 and 5240 of the Revised Laws of 1912, but from the general tenor of his argument we take it that he possibly had in mind the general theory based upon that line of legislation. The query arises whether it was the intention of the legislature to overthrow the well-known and general rule to the effect that, where several persons are joined as defendants, one or more of whom made default, and the others defend successfully upon a ground not personal to themselves, but which goes to destroy the very basis of the action, their success in maintaining such defense inures to the benefit of all. This rule is clearly put in Adderton v. Collier, 32 Mo. 507, which was a case in which there were four defendants, two of whom defaulted. Said the court:

"The defense made by Mary and Sarah, which resulted in a verdict and judgment for them, *was not based upon any ground personal to themselves,* but was equally *available by the other defendants, and was such as*

*showed that the plaintiff had no cause of action.* And it is the *settled law in such cases* that, after verdict and judgment for the defendant who pleads, the plaintiff cannot take judgment against the defendants in default, *for the reason that upon the whole record it appears the plaintiff had no right of action."* (Italics ours.)

The Supreme Court of Iowa, in considering this point in Morrison v. Stoner, 7 Iowa, 493, says:

"* * * If the one pleads a matter which goes to the validity of the contract, or which is a defense for both, in its nature, on the whole or a part, and succeeds, the books hold that the other, *even though in default,* takes the benefit of it. * * * We do not think that sections 1815 and 1816, or 1681 and 1682 of the code, militate with this law." (Italics ours.)

Section 1815 is the same as our section 5239, Revised Laws, above referred to, and the other sections are similar to sections of our code. And in the very recent case of Bank v. Jordan, 139 Iowa, 499–508, 117 N. W. 758, 761, the same court says:

"* * * Where the proffered defense goes to the merits of the case or to the substance of the contract sued upon, it may be pleaded by all of the defendants, *or, if pleaded by one of them, it inures to the benefit of all."* (Italics ours.)

The Supreme Court of Appeals of Virginia, in Steptoe v. Read, 19 Grat. 1, in construing a provision of the code of that state, similar to section 5239 of our Revised Laws, says:

"The construction of this provision of the code has not been settled by this court. It would seem, however, to be clear that it applies only to cases in which some of the defendants are discharged upon grounds of defense *merely* personal, and that where the ground of defense *goes to the foundation of the entire contract, the case remains as at common law."* (Italics ours.)

The same court in Harrison v. Wallton's Exr., 95 Va. 721, 30 S. E. 372, 41 L. R. A. 703, 64 Am. St. Rep. 830,

adheres to the views thus expressed. Other authorities sustaining this view are: Stapp v. Davis, 78 Ind. 128; Miller v. Longacre, 26 Ohio St. 296, 297; Bowman v. Noyes, 12 N. H. 306; Sheldon v. Quinlen, 5 Hill (N. Y.) 441; State v. Williams, 17 Ark. 375; 23 Cyc. 808; 11 Ency. Pl. & Pr. 1074.

4. The purpose of the provisions of the code authorizing a judgment against one or more of several defendants, when no judgment could be rendered against all, was simply to prevent dismissal as to all when it appeared that one was liable. All legislation must be construed in the light of the purpose sought to be accomplished. Escalle v. Mark, 43 Nev. 172, 183 Pac. 387, 5 A. L. R. 1512. While we have given some consideration to the foregoing suggested points, because of their seeming importance, we do not deem it necessary or advisable to decide them, and we leave them for the future consideration of the bar of the state.

We now pass to a feature of the matter which to our minds must control the court upon this appeal. As stated, the joint judgment against all of the defendants was reversed as an entirety. No application was made in that appeal to modify the judgment. The case was retried in the district court, where a judgment favorable to the defendants was rendered, from which no appeal was taken. Thereafter Alexander C. Forsyth and his assignees filed their petition in the estate matter, setting forth the original judgment as to the nonappealing defendants, and asking that two-sixths of the estate be distributed to them. The court denied the application.

We are of the opinion that the present appeal must be dismissed. Even if our former judgment was erroneous, it was rendered in the exercise of jurisdiction; and, had the respondent in that case been dissatisfied with the judgment, upon the phase now urged, an application should have been made to modify the judgment, instead of awaiting the result of a retrial, and then bringing the alleged error to the attention of

the court in the manner now sought.to be done.   In the
Bullion-Crœsus case, supra, an application was made to
modify the judgment as to the nonappealing defendants,
after several terms of the court had expired.   In the
concluding paragraph of the opinion, the court said:

"There is no doubt but that, if there was error in the
proceedings of the court below, as we have decided, this
court had the power and discretion to reverse the entire
judgment as to all the parties, rather than to modify
it or only give judgment for a partial reversal.   Then
having decided to reverse the judgment in whole, and
not as to one of the defendants only, it is too late now
to ask for a modification of that judgment."

The appeal must be dismissed, for the reason stated;
and it is so ordered.