Morrison v. Stoner.

MORRISON v. STONER.

7    493
139   508
139   509

Sections 1681 and 1682, and sections 1815 and 1816, of the Code, are to be applied consistently with the doctrines of the common law in relation to joint contracts.

In an action on a joint contract, against all the makers, who are served with process and in court, the plaintiff must obtain judgment against all, or against none.

Where one of two joint defendants pleads a defense which goes to the substance of the whole, or a part, of the contract, it enures to the benefit of the other, although he may be in default; and final judgment cannot be rendered against one, until the issue presented by the other has been determined.

Where in an action on a joint promissory note, the defendants, R. and S., answered jointly, admitting the execution of the note, and pleading payment; and R. filed a separate answer, pleading payment and usury, and where under a rule of the district court, which provided that in an action upon a promissory note, or other written evidence of indebtedness, when a defence is interposed, the plaintiff or his attorney, may file an affidavit, that such defence, as he believes, is not made in good faith, but for the purpose of delay, and if the defendant, or his attorney, within one day after notice, does not file a counter affidavit, the action may be called up during the morning hour, for hearing, and

shall then be heard and determined by the court, without reference to its place on the docket, the attorney of the plaintiff filed an affidavit as to S., under the rule, and moved for judgment against him, which motion was overruled ; *Held*, That the motion was properly overruled.

*Appeal from the Johnson District Court.*

MONDAY, APRIL 4.

Morrison sued Rosenberger and Stoner upon a joint note. The defendants by their answer admitted the making of the note, but pleaded payment.

A rule of court in the district embracing this county, provides that in an action on a written evidence of indebtedness, when a defense is interposed, the plaintiff, or his attorney, may file an affidavit that such defense, as he believes, is not made in good faith, but for the purpose of delay ; and if the defendant or his attorney, within one day after notice, does not file a counter-affidavit, such action may be called up during the morning hour, by the plaintiff, for hearing, and shall then be heard and determined by the court, without reference to its place on the docket.

The plaintiff's attorney filed such an affidavit, as to the said defence as set up by the said Stoner, and the said defendant having filed no counter-affidavit, the plaintiff moved for judgment against the him, which motion was overruled. The plaintiff excepted, and now assigns this as error.

Previous to the plaintiff's filing the above affidavit, the defendant, Rosenberger, filed an amended and separate answer, in which he pleads payment to the payees, who were the indorsers of the plaintiff, and a usurious contract in relation to the note, made and entered into by him with the said original payees.

*W. Penn. Clarke*, for the appellant.

*Clark & Brother*, for the appellee.

WOODWARD, J.—The plaintiff contends that. he is entitled to judgment against the delinquent defendant, by virtue of the rule.   The defendant, on the other hand, insists that the law relating to joint defendants on a joint contract, is with him, and that the rule of court cannot prevail.

By the common law, when the makers of a joint contract were sued, the plaintiff must obtain judgment against all, or against none.   The spirit of this rule still pervades the law to a greater or less extent.   Thus, if one defendant pleads a defense which goes to the substance of the contract, it must of course, inure to the benefit of the others.   So, if his defense is to a part of the contract, but wholly destroys that portion, as a payment of part. There may be cases where the plaintiff may take judgment against one, for the whole of the contract.   Such was the case formerly, in the territory of Iowa, where one could not be served.   It is so, too, where one defendant pleads a matter which goes to his personal exoneration, but does not reach his co-defendant.   Infancy and coverture are such instances.

But in the case at bar, both contractors are in court.   If the one pleads a matter which goes to the validity of the contract, or which is a defense for both, in its nature, on the whole or a part, and succeeds, the books hold that the other, even though in default, takes the benefit of it.   1 Chit. Pl., 47, 50, 567 ; 1 Saund. R., 153, *n.* 1 ; 2 Tidd's Pr., 803 ; *Hall* v. *Rochester et al.*, 3 Cow., 374 ; *Van Shaik* v. *Trotter,* 6 Ib., 599.

We do not think that sections 1815 and 1816, or 1681 and 1682 of the Code, militate with this law.   They are to be applied consistently with the doctrines of the law upon joint contracts.

One of the defendants pleads usury, which would abate part of the contract.   The judgment, if against both, must be joint,   It would be absurd to render judgment against one for one amount, and against the other for another.

amount, just as it would if one pleaded payment of part. Here the one not pleading must still have the benefit of it, if proved; and final judgment cannot be rendered against him, until the issue presented by the other is tried. The rule of court should be so construed as to stand consistent with the law. We think there was no error in the decision of the court, and the same is affirmed.