Argued July 22; decided October 7, 1895.

## JACKSON COUNTY v. BLOOMER.

[41 Pac. 930.]

NOTICE OF APPEAL — SERVICE ON ADVERSE PARTY — CODE, § 537.— Where a treasurer and his bondsmen are jointly sued on his official bond, and the former suffers a default, but the sureties make a successful defense on the merits of the case, the treasurer is "an adverse party" within the meaning of section 537 of Hill's Code, and must be served with the notice of appeal, for the decision of the appellate court affects the principal just as it does his sureties: *Hamilton* v. *Blair*, 23 Or. 64; *The Victorian*, 24 Or. 121; *Moody* v. *Miller*, 24 Or. 179, cited and approved.

Appeal from Jackson: HIERO K. HANNA, Judge.

This is an action brought by the County of Jackson against George E. Bloomer and the sureties on his bond as treasurer of such county, to recover for his alleged defalcation as such official. The complaint, *inter alia*, alleges the qualification of Bloomer by giving the bond in suit, and that between the dates mentioned in the complaint he, as such treasurer, collected and received something over seven thousand eight hundred dollars belonging to the county, which, in breach of his trust, and in violation of the conditions of his undertaking, he failed and neglected to account for or pay over. Bloomer, although served with summons, made default, and the sureties answered jointly, denying the defalcation alleged in the complaint, and upon the issues thus made the cause was tried, and a judgment rendered in their favor on the merits. From this judgment the plaintiff appealed, without serving a notice on Bloomer. For this reason the respondents move to dismiss the appeal, claiming that Bloomer is an adverse party to the appellant, and should have been served with notice.     DISMISSED.

For the motion there were oral arguments by *Mr. Elward B. Watson,* and briefs by *Messrs. Paine P. Prim and Son, William M. Colvig,* and *Watson, Beekman and Watson,* urging these points.

All parties to a judgment or decree whose interests may be substantially affected by the adjudication of the appellate court must be included in the appeal, and must be served with notice; without all such parties before it the appellate court has no jurisdiction: *Lilienthal* v. *Caravita,* 15 Or. 339; *Hamilton* v. *Blair,* 23 Or. 64; *The Victorian,* 24 Or. 121. Bloomer being a joint defendant in said action on a joint bond in which he is the principal whose defalcation is sought to be established by said action, evidently has an interest in relation to said judgment against appellant which is in conflict with the modification or reversal sought by the appeal. Such is evidently true, for while said judgment remains unreversed no other action can be maintained against him for the alleged defalcation. And the fact that Bloomer, whose interests are adverse to appellant, has made default, does not preclude the necessity of serving him with notice of appeal: *Moody* v. *Miller,* 24 Or. 179.

Judgment on the merits on an obligation which is joint only, must be joint, against or for all the defendants served. This was the rule at common law, and our statute has not changed it: Freeman on Judgments (3d ed.), 43; *Jaques* v. *Greenwood,* 1 Abb. Pr. 230; *Mandeville* v. *Riggs,* 2 Pet. 482; *Van Ness* v. *Corkins,* 12 Wis. 186; *People* v. *Organ,* 27 Ill. 27; *Rooker* v. *Wise,* 14 Ind. 276. And default of one joint defendant does not alter the rule: *Rich* v. *Husson,* 4 Sandf. (N. Y.), 115. Bloomer's default merely gave the court jurisdiction to enter a joint judgment against or for himself and

the sureties, in accordance with the joint obligations of the bond set out in the complaint. If the complaint had not stated any cause of action, he could have appealed from any judgment against him, either joint or several, notwithstanding his default: *Madison County Supervisors* v. *Smith*, 95 Ill. 328. And where, as here, the complaint states no separate cause of action, Bloomer could have appealed and procured the reversal of any separate judgment against himself on the merits, although in default: *Waugh* v. *Suter*, 3 Ill. App. 271.

The successful defense on the merits by the sureties inured to Bloomer's benefit, and, although in default, entitled him to be discharged also: Freeman on Judgments (3d ed.), §§ 161, 266; *Benton* v. *Gregory*, 8 Ark. 177; *State* v. *Williams*, 17 Ark. 371; *State* v. *Gibson*, 21 Ark. 140; *Champlin* v. *Tilley*, 3 Day (Conn.), 303; *Morrison* v. *Stoner*, 7 Iowa, 498; *Adderton* v. *Collier*, 32 Mo. 507; *State* v. *Ford*, 8 Humph. (Tenn.), 489; *Girardin* v. *Dean*, 49 Texas, 243; *Pfaw* v. *Lorain*, 1 Cin. (Ohio), 720; *Phillips* v. *Wheeler*, 6 Thomp. and C. (N. Y.), 306; *French* v. *Neal*, 24 Pick. 55.

Judgment of dismissal as to one cotrustee is a bar to any further prosecution of the cause of suit against the other: *Zorn* v. *Lamar*, 71 Ga. 84, 85. Judgment on the merits puts an end to the claim or demand sued on, and is conclusive both as to parties and privies: *Cromwell* v. *County of Sacramento*, 94 U. S. 351. Judgment against sureties on the merits precludes their principal, who was not served, from afterwards recovering expenses which should have been credited on the debt secured by the bond: *Wandling* v. *Straw*, 25 W. Va. 692.

A party served, who is aggrieved or benefited by the judgment on the merits, has a right to appeal, or be served with the notice of appeal, whether named

in the formal judgment or not; and is an adverse party under our statute: *State* v. *Judge, etc.,* 29 La. Ann. 397; *Williams* v. *Morgan,* 111 U. S. 684. It is sufficient if his interest appears from the whole record. The findings of fact and conclusion of law are in Bloomer's favor on the merits, and entitled him to a formal judgment. It was the duty of the clerk to enter judgment in favor of all the defendants in accordance with the decision: 1 Hill's Code, §§ 219, 265.

Bloomer has an interest in maintaining the decision and judgment, since he appeared on the record, and is a necessary party to the appeal: *Traders' Bank* v. *Belden,* 5 Wash. 777; *Hendrickson* v. *Sullivan,* 28 Neb. 329; *Curtin* v. *Atkinson,* 29 Neb. 612; *Senter* v. *De Bernal,* 38 Cal. 637. As he was served and brought within the jurisdiction of the court below, he is entitled to his day in this court, and the sureties are just as much entitled to have him brought in, as into the court below.

The transcript does not sustain the claim of appellant's counsel in their "additional brief," page 3, that the case was "abandoned" as to Bloomer. The journal entry of the trial recites the appearance of appellant and the sureties, by their respective attorneys, and that defendant Bloomer "comes not but makes default." And the district attorney and his associates in the trial of the case certainly did not think so when they caused the summons to be published to him, and his property to be attached, and filed the proof and returns in the cause before proceeding to the trial, as the amended transcript shows, nor at the time they prepared their first brief in opposition to the motion to dismiss, on page 5, of which they say: "We submit that Bloomer occupies such a position

that plaintiff might, if it desired to do so, even now, ask for default to be entered against him in the lower court, and for judgment against him for failure to answer." The circuit court had jurisdiction of Bloomer, as the amended record will show.

But appellant, having assumed the performance of the duty it owed the sureties of making their principal a party and subjecting his property within the state towards the satisfaction of any judgment that might be rendered, and led both the court and sureties to believe that it had done so before proceding to trial, is estopped to allege defects in either proceeding. It cannot be allowed a benefit arising from its own default. The recital in the journal entry of the trial that defendant Bloomer "comes not but makes default," if it does not in itself amount to an adjudication that he had been served and made default, points very strongly in that direction, and confirms the presumption that the court did have jurisdiction. Bloomer only could raise the objection to want of jurisdiction, and he could do so only by appeal. There is nothing to prevent his taking the benefits of such a record against the appellant which is responsible for it, and his consent is presumed. The judgment order authorized by section 157 is a conclusive adjudication as to the validity of the attachment. How can appellant allege its own wrong, if there were any, in obtaining the attachment, to avoid its effect in a controversy with either Bloomer or his sureties? An attachment is, under our system, a provisional remedy only, and not the commencement of an action, and defendant can waive any right to complain of irregularity in its issuance or levy, and does waive it by failing to attack it in any manner sanctioned by the Code or general practice.

*Contra* there were oral arguments by *Messrs. Henry L. Benson,* district attorney, and *Lionel R. Webster,* with briefs by *Messrs. Benson,* and *Charles Wesley Kahler,* urging these points.

Parties to an action need not be notified of an appeal unless they are parties to the judgment from which the appeal is taken: Elliot's Appellate Procedure, § 153; *Kennedy* v. *Divine,* 77 Ind. 492; *Koons* v. *Mellet,* 23 N. E. 96; *Dittenhœffer* v. *Cœur d'Alene Clothing Company,* 30 Pac. 661. Bloomer never appeared in this action, and when judgment was entered it was in favor of only the sureties for their costs.

Every Oregon case cited in favor of this motion is one in which the notice had not been served on some party who had appeared in the proceeding, and was actually a party to the final adjudication. Moreover, they were all equity cases. Several times our court quotes with approval this language from *Senter* v. *De-Bernal,* 38 Cal. 637: "But he is required to notify all other parties who are interested in opposing the relief which he seeks by his appeal, if they have formally appeared in the action in the court below, or his appeal as to those not served will prove ineffectual; and also, as to those served, if the relief sought is of such a character that it cannot be granted as to the latter without being granted as to the former also." Applying this test to the case at bar, it will be observed that it is an action on a joint and several bond, to which the defendant Bloomer was not a necessary party in the first instance; that he never put in any appearance in the court below; that no default was taken against him, and that there is no judgment as to him. How, then, can it be said that any judgment

against the defendant's sureties can materially affect his rights?

But it is contended by counsel for respondents that "while the judgment remains unreversed no other action can be maintained against him for the alleged defalcation. We submit that Bloomer occupies such a position that plaintiff might, if it desired to do so, even now, ask for default to be entered against him in the lower court, and for judgment against him for failure to answer, and that such procedure is not affected by any judgment as to the other defendants. It will thus be seen that all the cases cited for this motion are essentially different from the case at bar in all the particulars that would give them any logical bearing here. In this case Bloomer was not a necessary party, and it was a matter of indifference to him whether the sureties were held liable on his bond or not. If they succeeded in evading payment, that of itself neither hurt nor helped him; if he had been regularly served, had made default, and thereby admitted the allegations of the complaint to be true, he would have admitted all that anybody has ever claimed in this case. The purpose of this appeal is not to enlarge his liabilty beyond what would thus have been admitted. It is claimed by respondents that Bloomer filed no answer but made default. That would not have entitled him to notice of this appeal, but the fact is that Bloomer was never served with summons in this case, and therefore never made default in the technical sense of that term. "Bloomer absconded and left the state and has ever since remained away from this state," is the uncontradicted allegation of the complaint. The whole record shows that the lower court never had jurisdiction of Bloomer, and neither rendered nor attempted to render any judg-

ment against him.  The defendant Bloomer has no substantial interest in the result of this appeal because (1) he was not a necessary party in the first instance; (2) he has never appeared herein; and, (3) he is not a party to the judgment appealed from, and cannot be favorably or otherwise affected by the result of this appeal.

Opinion by MR. CHIEF JUSTICE BEAN.

The rule is well settled in this state that every party to a litigation whose interests in relation to the judgment or decree appealed from is in conflict with the modification or reversal sought by the appeal is an "adverse party" within the meaning of section 537 of Hill's Code, and must be served with the notice of appeal; and if such party is not served the appeal must be dismissed.  And the fact that a party whose interests are adverse to the appellant, has made default, does not preclude the necessity of serving such notice of appeal upon him: *The Victorian,* 24 Or. 121 (41 Am. St. 838, 32 Pac. 1040); *Moody* v. *Miller,* 24 Or. 179 (33 Pac. 402); *Hamilton* v. *Blair,* 23 Or. 64 (31 Pac. 197).  If, then, Bloomer has an interest in sustaining the judgment from which this appeal is taken, he is an adverse party to the appellant, and the failure to serve him with notice of the appeal is fatal, and the appeal should be dismissed.  Now, the undertaking on which this action was brought is a joint obligation of Bloomer and the sureties, in so far, at least, as that all are liable or none, and, therefore, although he made default, the defense successfully made by the other defendants, going as it did to the merits and showing that the plaintiff had no right of action against any of the defendants, inures to his benefit,

and prevents the entry of judgment against him on his default. The rule on this question is thus clearly stated by Mr. Black in section 209 of his work on Judgments: "In an action of contract against several defendants, if one of them suffers default, and another, under the general issue, sets up and maintains a defense which negatives the plaintiff's right to recover against either of the defendants, and shows that he has no cause of action, the plaintiff will not be entitled to judgment against the one who was defaulted, but, on the contrary, the successful defense will inure to the latter's benefit, and judgment must be rendered for both the defendants." And to this effect are the authorities: *French* v. *Neal*, 24 Pick. 55; *State* v. *Gibson*, 21 Ark. 140; *Morrison* v. *Stoner*, 7 Iowa, 493; *Adderton* v. *Collier*, 32 Mo. 507; *Waugh* v. *Suter*, 3 Ill. App. 271; *Stapp* v. *Davis*, 78 Ind. 128. From this it seems manifest that Bloomer's interests would be materially affected by the reversal of this judgment, for the reason that it appears from the record as it now stands that plaintiff has no right of action against him or his sureties for a breach of the conditions of his undertaking on account of any of the matters or things alleged in the complaint, and so long as the judgment stands unreversed it is in effect a judgment in his favor, and prevents the entry of a judgment on his default. He is, therefore, vitally interested in sustaining the judgment as it now stands, and consequently is an adverse party to this appeal.

It was suggested by plaintiff's attorneys that Bloomer was not a necessary party to this action, and was never in fact legally served with summons, but these questions are hardly open to the plaintiff here. Whether he was a necessary party or not, the plaintiff saw fit to make him a party, caused a writ of

attachment to issue and be levied upon his property, obtained an order for the publication of summons, caused the summons to be published directed to him, and an alleged proof of such publication to be made, and the record shows that all the defendants appeared and demurred to the original complaint, and that when the cause came on for trial Bloomer "made default." Under these circumstances the court will not, at plaintiff's suggestion, critically examine the procedure by which it sought and claimed to have obtained jurisdiction of Bloomer, for the purpose of avoiding the effect of a failure to serve him with a notice of appeal. The motion will be allowed.        DISMISSED.

Argued July 29; decided October 7, 1895; rehearing denied.