Argued January 6; motion to dismiss appeal overruled
January 20, 1931

STATE ex rel. DETHLEFS et al. *v.* FENDALL et al.
(295 P. 194)

*William G. Hare,* of Hillsboro (E. B. Tongue, District Attorney, Hare, McAlear & Peters, all of Hillsboro, on the brief) for appellants.

*Loyal M. Graham,* of Forest Grove, and *J. O. Bailey,* of Portland, for respondents.

CAMPBELL, J. This cause is now before this court in the first instance on a motion to dismiss the appeal.

This action was brought by the state of Oregon on relation of E. W. Dethlefs and F. Shields. The complaint is signed, "E. B. Tongue, by P. L. Patterson, Deputy District Attorney for the State of Oregon for Washington county. Hare, McAlear & Peters, Attorneys for Relators."

The reply is signed, "Hare, McAlear & Peters, Attorneys for Plaintiff."

The notice of appeal is as follows, after title and court in cause:

"To the above-named defendants, Omar Fendall, Eugene Loving, P. R. Parsons, Clyde Robertson, and R. W. Ritchie, and to your attorneys, Loyal M. Graham and J. O. Bailey:

"You and each of you are hereby notified that the above-named plaintiff appeals to the Supreme Court of the State of Oregon from that certain judgment made, rendered and entered in the above entitled cause in the circuit court of Washington county on the twenty-fifth day of August, 1930, in favor of the defendants and against the plaintiff; and that said appeal is taken from all and the whole of said judgment, and every part thereof.

"Dated this ninth day of September, 1930.

"Hare, McAlear & Peters,
Attorneys for Plaintiff."

On September 29, 1930, the following motion was filed in this court, after the title of the cause:

"Come now the above named defendants and respondents and move the court for an order dismissing the appeal, or attempted appeal, in the above entitled court and cause from the circuit court of the state of Oregon for Washington county to the Supreme Court of the State of Oregon, on the ground and for the reason that the notice of appeal, or purported notice of appeal, was not signed by the plaintiff, nor by any duly authorized attorney of the state of Oregon for Washington county, nor by his deputy; but on the contrary was signed by private attorneys who had no authority to represent plaintiff, the state of Oregon.

"This motion is based upon the findings and record of the above entitled court and cause."

This motion presents the question of the authority of Hare, McAlear and Peters to represent the plaintiff in this appeal. This motion is the first time in connection with this litigation that their authority to appear for plaintiff is questioned. It is not questioned by the state of Oregon, nor by the district attorney, but by the defendants.

■ It is true that the district attorney has the absolute control of this class of cases, Oregon Code 1930, § 5-606. He has the right to associate other counsel with him. This he undoubtedly did in this case. The defendant at all times acquiesced in his actions in that regard.

■ Assuming that the only plaintiff is the state of Oregon, the notice of appeal shows that the appeal is taken on behalf of the plaintiff, and signed by the attorneys who appear throughout the record as attorneys for the plaintiff. If this motion were made by the district attorney, it would present a different question, but instead of that, we find the district attorney here with a brief contesting its allowance.

It may well be doubted that the relators, by their pleading, have shown the right to bring this proceeding. Yet this manner has generally been adopted as a convenient method of obtaining a judicial determination of the organization of the many municipalities authorized to be created under article XI of the Oregon Constitution. Assuming without deciding that the state of Oregon is the only plaintiff, and that the names of the relators are merely surplusage, there is still sufficient in the record to show that the attorneys who signed the notice of appeal were acting in cooperation with and under the direction of the proper district attorney.

The motion to dismiss the appeal is overruled.

BEAN, C. J., BROWN and KELLY, JJ., concur.