Motion to dismiss appeal allowed April 29; rehearing denied
June 21, 1932.

STATE EX REL. PERRY ET AL. *v.* MOUNT ET AL.

(10 P. (2d) 606)

*McColloch & Brown,* of Baker, for the motion.
*Hallock, Donald & Banta,* of Baker, opposed.

PER CURIAM. Respondent moves to dismiss the appeal upon the following grounds: first, that the notice of appeal was not signed by the plaintiff, State of Oregon, or by the district attorney; second, that no notice of appeal was served upon the State of Oregon, plaintiff herein, and a necessary party hereto; third, that no notice of appeal was served upon M. M. Grogan, one of the defendants herein, and a necessary adverse party to the appeal. The motion was founded upon the files and the records, particularly upon the bill of exceptions.

■ In regard to the objection of defendant that the notice of appeal was not signed by the district attorney, section 8-504, Oregon Code 1930, provides in cases of contempt not committed in the immediate view and presence of the court:

"The affidavit shall be sufficient if it set forth the facts constituting the contempt, and need not contain recitals of matters already appearing in the record of any action, suit or proceeding in which the person charged with contempt has been personally served with process. It shall be sufficient if the name of the state of Oregon be added as a party plaintiff in the affidavit and proceedings following it, without any action of the district attorney, and without any proceedings for adding such party." See State ex rel. v. Fendall, 135 Or. 142 (295 P. 194).

We think that the provision rendering it unnecessary for the district attorney to take any action in the proceeding applies on an appeal, and that it is not required that he sign the notice of appeal or the affidavit.

It appears that an action of forcible entry and detainer was brought by the relators in the justice court in Baker county against M. M. Grogan for the possession of certain premises. The defendant Grogan had a

real or claimed equitable defense, and desired affirmative equitable relief, which could not be set up in his answer in the justice court, so he commenced a suit in equity against the relators and their predecessors in interest, Mrs. Richardson et al., in the circuit court of Baker county, and filed his complaint in which it was claimed that Grogan and Mrs. Richardson, the owner of the premises, at the time of entering into the agreement, had entered into a verbal agreement for the leasing of the premises in controversy to Grogan for a term of three years, at the annual rental of one thousand dollars a year. If the lease was held valid Grogan would be required to pay one thousand dollars as rental for a year, and the court ordered him to deposit that amount for that purpose.

In order to show the interest of the parties, we refer to the record in part which shows that on November 29, 1930, after the order of the court was made requiring the deposit, and, as found by the trial court, without complying with the order of November 10, 1930, plaintiff M. M. Grogan, acting by attorney O. B. Mount, filed a supplemental complaint in the equity suit. At the same time the defendant Mount tendered his personal check for $1,000, mentioned in the supplemental complaint, to the clerk of the circuit court, which check upon its face bore the following language:

"Tender in the case of M. M. Grogan vs. Mary Richardson, et al., in the case pending in the Circuit Court of the State of Oregon for Baker County, and this tender is made in accordance with the supplemental company (complaint) filed in this cause herein."

The supplemental complaint referred to in the indorsement on the check stated in part as follows:

"That this plaintiff tenders into court herewith the sum of One Thousand Dollars, to cover the amount

of the annual rental, for the premises described in plaintiff's complaint, on file herein beginning March 1, 1930, and ending March 31, 1933, upon condition that the lease described in plaintiff's complaint may be specifically enforced in the annual rental of one thousand dollars for the term of the lease described in said complaint, and becoming due in November of each year, of which the rental for the first year is now due, and tendered herewith, but in the event that said lease may not be specifically enforced then plaintiff hereby makes claim for one thousand dollars to apply upon the damages which plaintiff sustained by reason of having been induced and he was induced at the instance of the defendants to operate said premises for the term described in plaintiff's complaint, and because thereof made the improvements described in plaintiff's complaint, not knowing anything to the contrary," etc.

It is claimed that the tender was not in accordance with the order of the court but was conditional as provided in the supplemental complaint. Defendant Mount made the deposit for Grogan, his client, and afterwards drew down the deposit from the clerk, and hence the proceeding for contempt versus both Mount and his client Grogan.

The contempt proceedings were dismissed as to defendant Grogan. After hearing, the court found in favor of defendant Mount, holding that the supplemental complaint being stricken left the order of deposit uncomplied with and the tender went out with the complaint.

The relator proceeded to take an appeal to this court. The notice of appeal designated the parties and was directed thus:

"State of Oregon, ex rel. Fred Perry, and May Perry, Plaintiffs, vs. O. B. Mount and M. M. Grogan, Defendants. To Above Named Defendant, O. B. Mount and M. M. Grogan, and to Messrs. McColloch & Brown

and O. B. Mount, Attorneys for said defendant: You and each of you will hereby take notice that above named plaintiffs do hereby appeal  *  *  *."

It is signed by the attorneys for plaintiffs, but is not signed by the district attorney or any state officer. The notice of appeal is indorsed as follows:

"Service by copy admitted at Baker, Oregon, this 31st day of December, 1931. Frank C. McColloch, Of Attorneys for O. B. Mount, Defendant."

There is no acceptance of service of the notice of appeal by or on behalf of defendant Grogan.

Section 7-503, Oregon Code 1930, relating to appeals, provides:

"If the appeal is not taken at the time the decision, order, judgment or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney,  *  *  *."

■ Defendant M. M. Grogan had answered in the proceeding and was undoubtedly an adverse interested party defendant and we think was entitled to be served with a notice of appeal. It is shown that Mount made the deposit for the benefit of his client, M. M. Grogan, and if the judgment against Mount should be reversed upon appeal, Grogan, in order to comply at a late date with the requirement of the court, would be required to pay the $1,000. This might be necessary in order to be purged of the contempt or a part thereof. It would seem that he was more interested from a financial standpoint than his attorney, O. B. Mount.

These proceedings grew out of the taking from the clerk a money tender which was made conditionally for M. M. Grogan, and the court held that it was not made in compliance with the order of the court and the tender

was never accepted. Section 8-511 provides that if any loss or injury to a party in an action, suit, or proceeding, prejudicial to his rights therein, has been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, may give judgment that the party aggrieved recover off the defendant a sum of money sufficient to indemnify him, and to satisfy his costs and disbursement. Therefore, if this case should be reversed upon appeal, it is possible that a judgment for the $1,000 tender and costs could be entered, which Grogan would be required to pay. He is therefore vitally interested in this appeal.

■ Every party whose interests are in conflict with the modification or reversal of a decree or judgment is an adverse party and is entitled to notice of appeal, even though in default below. *Jackson County v. Bloomer,* 28 Or. 110 (41 P. 930); *Barton v. Young,* 78 Or. 215 (152 P. 876); *French v. McKean,* 81 Or. 683 (160 P. 1151); *In re Waters of Chewaucan River,* 89 Or. 659 (171 P. 402, 175 P. 421); *First Nat. Bank v. Halliday,* 98 Or. 649 (193 P. 1029); *Laur v. Walla Walla Irr. Co.,* 118 Or. 520 (247 P. 753); *Van Lydegraf v. Tyler,* 128 Or. 236 (271 P. 740, 273 P. 719).

■ It is contended on behalf of the appellant that the service of the notice of appeal was sufficient as upon Grogan for the reason that service was accepted by one of the attorneys who had appeared for both defendants. Whether Mr. McColloch, the attorney who accepted service for defendant O. B. Mount, was then the attorney for Grogan or not, he did not accept service for Grogan and there is no pretense of such acceptance of service as shown by the indorsement on the notice of appeal above quoted. And it is evident that there was no intent to serve Grogan with the notice of appeal. It is unnecessary to decide whether the state

of Oregon should have been served with notice of appeal. The state and relators are coplaintiffs. Proceedings for the punishment of those accused of the violation of a decree or order of court are quasi criminal, and the statutory provision relating thereto must be strictly complied with. *State ex rel. v. Sieber,* 49 Or. 1, 4 (88 P. 313) ; *Trullinger v. Howe,* 58 Or. 73, 79 (113 P. 4). See 13 C. J. 57, § 81; Rapalje on Contempt, 25, § 21.

■ We think it would be the better practice where the district attorney does not sign the affidavit for contempt or appear in the proceedings, when the relator appeals, for service to be made upon the district attorney. We do not feel called upon to decide whether this is a vital defect or not.

For the reason that service of notice of appeal was not made upon an interested adverse party, namely, M. M. Grogan, this appeal must be dismissed. It is so ordered.