Argued January 20, affirmed February 11, petition for rehearing
denied March 3, petition for review denied April 13, 1971

# STATE OF OREGON, *Respondent, v.* PETER DALEBOUT, SR., *Appellant.*

480 P2d 451

*Peter Dalebout, Sr., in propria persona,* Sweet Home, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

This appeal arises out of an incident which occurred near Sweet Home in Linn County on March 23, 1970. About a week prior to the incident the Oregon State Police had received a letter signed by the defendant's son, asking a series of questions concerning the law of arrest, search and seizure, carrying of concealable weapons, and other similar questions.

On the date of the incident two officers proceeded by patrol car to the address shown on the letter to discuss this matter with the writer. When one of the officers knocked, the defendant opened the door and pointed a shotgun at the officers. After a brief conversation, during which the defendant kept the gun pointed at the officers at a distance of "3 feet or 4 feet," both officers left the premises.

Defendant was thereafter charged in the district court with having pointed a firearm at another, in violation of ORS 163.320.[1] He entered a plea of not guilty.

A jury found him guilty as charged, and he was

---

[1] ORS 163.320 provides:

"Any person over the age of 12 years who, with or without malice, purposely points or aims any loaded or empty pistol,

sentenced to serve four months in the county jail, pay a fine of $250, and be placed on probation for one year with all but 10 days of the jail sentence suspended.

Thereupon defendant appealed to the circuit court. The case was tried *de novo*, the defendant was again found guilty by the jury, and the identical sentence was imposed by the circuit court judge.

The record shows that defendant was able to employ private legal counsel but elected to conduct his own defense.

He has now appealed to this court, once more acting as his own attorney. In his brief defendant states first, that the circuit court erred "in not emphasizing to the defendant the fact that he was not represented by an attorney and had no legal training." He also assigns as grounds for reversal certain other alleged "errors" by the circuit court at the trial, including failure by the court to answer certain legal questions propounded by defendant; denial of motions for a dismissal; failure to insist that defendant testify on certain matters which he contends led up to the incident; and giving incorrect instructions to the jury on self-defense.

Oregon Constitution, Art I, § 11, provides:

"In all criminal prosecutions, the accused shall

---

gun, revolver or other firearm, at or toward any other person within range of the firearm, except in self-defense, shall be fined upon conviction in any sum not less than $10 nor more than $500, or be imprisoned in the county jail not less than 10 days nor more than six months, or both. Justices of the peace and district courts have jurisdiction concurrent with the circuit court of the trial of violations of this section. When any person is charged before a justice of the peace with violation of this section, the court shall, upon motion of the district attorney, at any time before trial, act as a committing magistrate, and if probable cause be established, hold such person to the grand jury."

have the right * * * to be heard by himself and counsel; * * *."

■ Broadly stated, a defendant in a criminal case has a right to conduct his own defense if he chooses, provided (1) he is *sui juris*, (2) mentally competent, and (3) such conduct does not disrupt the judicial process or jeopardize fair trial. *State v. Thomlinson*, 78 SD 235, 100 NW2d 121, 77 ALR2d 1229 (1960); and see Annotation, Right of defendant in criminal case to conduct defense in person, or to participate with counsel, 77 ALR2d 1233 et seq. The trial judge need not force counsel upon an unwilling defendant. *Carter v. Illinois*, 329 US 173, 67 S Ct 216, 91 L Ed 172 (1946). The trial may proceed with defendant representing himself. *State v. Sands*, 2 Or App 575, 469 P2d 795 (1970).

■ But having chosen to conduct his own defense he assumes the responsibility for his decision. *People v. Richardson*, 17 Ill 2d 253, 161 NE2d 268 (1959). Defendant cannot now overturn his conviction on the ground that the judge erred in allowing him to do so. *Blanton v. State*, 229 Ind 701, 98 NE2d 186 (1951).

■ As to the remaining asserted "errors" we have carefully scrutinized the record on each of these points and fail to find merit in defendant's contentions. The officers were not trespassers: ORS 164.460. Defendant's argument as to whether or not the police officers were or were not members of the bar is not relevant to the violation charged.

At the conclusion of the state's case defendant moved for dismissal on the ground that the state failed to prove that defendant was not acting in self-defense. The same issue is raised in defendant's assignment concerning the court's instruction to the jury on self-

defense. The record affirmatively shows the state proved that defendant was not threatened in any manner by the officers. Denial of defendant's motion was not error. Further, the court's instructions clearly and correctly defined what constitutes "self-defense."

■ Lastly, it was not the duty of the court to insist that the defendant tell about previous events. The court was under no duty to conduct the case for either the defense or the prosecution. If such events were relevant to the case, it was the defendant's own responsibility, not the court's, to offer the evidence at the trial.

The record shows that defendant's constitutional rights were scrupulously protected throughout. We can find no error in the proceedings.

Affirmed.