Submitted on record and appellant's brief September 23,
affirmed October 28, reconsideration denied November 19,
petition for review denied December 10, 1975

## BALCOM, *Appellant, v.* MUNICIPAL COURT FOR CITY OF SPRINGFIELD
### (No. 74 5259, CA 4874), *Respondent.*
541 P2d 1307

Joseph A. Balcom, Springfield, filed the brief pro se, appellant.

No appearance by respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

■ Joseph A. Balcom was convicted on jury trial in the Municipal Court of Springfield of violation of a Springfield ordinance prohibiting a wrecking and junk yard within the city. Mr. Balcom says in his petition for writ of review of that proceeding that he sought to be represented by a Robert J. Wright, a nonattorney, which the court refused to allow. ORS 52.060, cited by petitioner, allows one not an attorney to act for another in "justice's" court. We are cited no authority which authorizes such representation in a municipal court. Petitioner then acted in propria persona, and he has said in some of the extensive papers he has filed that he was deprived of the use of his file, which was in Mr. Wright's possession. Nothing in the record, as distinguished from petitioner's allegation, either supports or disproves this allegation, and most, if not all, of the others he has made.

After conviction he has continued to represent himself in this writ of review proceeding. He lost on the writ in circuit court on the finding by that court that the record which came up on the writ "does not disclose any error in law appearing on the face of the judgment or the proceedings connected therewith * * *." We agree with the circuit court.

■ Mr. Balcom's principal complaint seems to be

that the circuit court did not consider many of the allegations of fact and assertions of law which he had sworn to in the petition for the writ. He filed with the circuit court a motion requesting subpoenas for witnesses, and for making up issues of fact to be tried in the writ proceeding. This was an improper motion, and was properly refused.

 Petitioner's difficulty is that he apparently misunderstands the mission of a writ of review proceeding. It is not, as he apparently believes, to establish a new cause of action or suit but rather it is to determine whether error occurred in the lower tribunal. Looking at the record alone, we find no error, but we do observe that petitioner's and Mr. Wright's propensity for confusing the record with pseudo-legal argument requires a patient sorting out of that record. We do not, just as the circuit court apparently did not, consider it our place to suggest to the petitioner a proper procedure for him to follow in what he is attempting to accomplish, and this seems to be what he is suggesting. While courts make every effort to see that justice is accorded, it is not a court's place to act as attorney or advisor to a litigant before it. *State v. Dalebout,* 4 Or App 601, 480 P2d 451, Sup Ct *review denied* (1971).

Affirmed.