On respondent's motion to dismiss filed June 30, motion to
dismiss denied November 10, 1975

## STATE ex rel JOHNSON, *Appellant, v.*
## SCHWARTZ et al (No. C 75-03-0769, CA 4528),
### *Respondents.*
542 P2d 153

John W. Osburn, City Attorney, and Wayne D. Landsverk, Deputy City Attorney, Portland, for respondents.

Rita Radich, Portland, appeared contra.

SCHWAB, C. J.

In connection with a criminal case pending in district court (*State v. Cedric Johnson*), District Judge REDDING held police officers Schwartz and Daggett in contempt for failure to comply with an order to produce certain records for an in camera inspection. Judge REDDING had ordered an in camera production to be able to rule on a motion to quash a subpoena *duces tecum* issued by Cedric Johnson's attorney for the records in question.

The Portland City Attorney's office, as counsel for Schwartz and Daggett, appealed to the circuit court, captioning the appeal as *State ex rel Redding v. Schwartz and Daggett and* as *State v. Johnson.* The circuit court reversed Judge REDDING's finding of contempt. Cedric Johnson has filed a timely notice of appeal in this court. The city attorney moves to dismiss the appeal on the grounds that Johnson was not a party to the contempt proceeding and so has no standing to appeal. We find to the contrary and deny the motion.

ORS 33.150 authorizes any party to a "proceeding for a contempt" to appeal. ORS 33.060 defines some of the parties:

> "In the proceeding for a contempt, the state is the plaintiff. In all cases of public interest, the proceeding may be prosecuted by the district attorney, on behalf of the state, and in all cases where the proceeding is commenced upon the relation of a private party, such party shall be deemed a coplaintiff with the state."

The issue of who is a proper party to a contempt proceeding has arisen in connection with such questions as who may initiate such proceedings, and upon whom notice of appeal must be served. *See, State ex rel. v. Casey,* 175 Or 328, 153 P2d 700, 172 ALR 862 (1944); *State ex rel. v. Mount,* 139 Or 694, 10 P2d 606 (1932). Some cases cite ORS 33.060; many do not. It is not easy to harmonize all of the analyses in all of the decisions.

■■ Just the captions of the reported cases indicate some of the discord. *State ex rel Dooley v. Connall,* 257 Or 94, 457 P2d 582 (1970), indicates that the judge who had entered the appealed contempt order is the relator. In *Taylor v. Gladden,* 232 Or 599, 377 P2d 14 (1962), the contempt appeal was given the same title as the proceeding in which the contempt occurred. Since leaving the district court, the parties here have played it safe by using both captions.

We conclude both are incorrect. We interpret that part of ORS 33.060 that provides

> "* * * in all cases where the [contempt] proceeding is commenced upon the relation of a private party, such party shall be deemed a coplaintiff with the state.",

to apply to all contempt proceedings based upon an alleged violation of a court order made for the benefit

of a litigant. *Cf. State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 405 P2d 510, 407 P2d 250 (1965), *cert denied* 384 US 943 (1966); *State ex rel. v. Mart,* 135 Or 603, 283 P 23, 295 P 459 (1931). In such situations, which probably include the vast majority of contempt cases, the relator is the litigant in whose favor the violated order was made. Under ORS 33.-060, such a relator is a coplaintiff with the state.

Applying that analysis to the facts at bar, it is clear that the district court's order to produce records for in camera inspection was for the benefit of Cedric Johnson. When that order was violated, Johnson became the relator and, pursuant to ORS 33.060, co-plaintiff in the contempt proceeding. As such, Johnson was and is a party to the contempt proceeding, and his appeal is properly before this court.

■ Under *Taylor v. Gladden,* supra, the technical defect in the title used in the circuit court and in Johnson's appeal to this court does not negate our jurisdiction. 232 Or at 604.

Accordingly, this case is re-entitled "State ex rel Johnson v. Schwartz and Daggett."

Motion to dismiss denied.