In re BRUCE E. WESTERFIELD
for a Writ of Habeas Corpus.
(26088)
592 P2d 549

Bruce E. Westerfield appeared pro se.

James M. Brown, Assistant Attorney General, argued the cause for the Sheriff of Umatilla County.

PER CURIAM.

## PER CURIAM.

On March 5, 1979, upon proceedings under a writ of habeas corpus previously issued to the sheriff of Umatilla County, this court ordered the release of Bruce E. Westerfield from the Umatilla County jail. The court stated at the time that it would publish the reasons for this action in a subsequent opinion.

The sheriff's return to the writ of habeas corpus stated that he held Mr. Westerfield pursuant to a warrant of commitment issued by the Oregon Tax Court upon a sentence for contempt of an order of that court. It appears from the tax court's warrant of commitment and the underlying order that the warrant was issued under the following circumstances.

On December 5, 1978, the tax court issued an alternative writ of mandamus directing Bruce E. Westerfield to file individual income tax returns for 1976 and 1977 with the Department of Revenue or to show cause why he had not done so. On January 18, 1979, the court entered an order which recited that the foregoing alternative writ of mandamus was issued on December 5, that the defendant Westerfield received due notice thereof, that he had wilfully neglected and failed to comply with the alternative writ and had made no appearance before the tax court, and that no sufficient reason or excuse for this failure had been presented. The order continued by adjudging defendant to be in contempt of the tax court "because of his failure to obey the alternative writ of mandamus" and ordering him to appear for sentencing on February 8, 1979. The Warrant of Commitment, dated February 8, 1979, recites that on that date the court sentenced Mr. Westerfield to be punished for this contempt "by imprisonment in the county jail of the County of Umatilla, Oregon, for a period of 90 days following his arrest by the Sheriff of Umatilla County, or until such time as he complies with the Alternative Writ of Mandamus" by filing income tax returns for 1976 and 1977. The warrant further ordered that Westerfield

[617]

should be given aid "in purging his contempt" by having his files or other records brought to him at the jail and conferring with the local agent of the Department of Revenue.

The Oregon Tax Court, in cases within its jurisdiction, "[h]s the same powers as a circuit court." ORS 305.405. One of these powers is to punish for contempt of court in order to "compel obedience to its judgments, decrees, orders and process." ORS 1.010. The procedures and penalties for different kinds of contempt are provided in ORS 33.010 − 33.150. The income tax law specifically directs the tax court to issue writs of mandamus to require the filing of tax returns. ORS 314.365.[1]

■ Under ORS 34.620,[2] we do not in this habeas corpus proceeding inquire into "justice, propriety or legality of [a] commitment for a contempt made by a court, officer or body, according to law. . ." except insofar as necessary to determine whether the commitment was or was not made "according to law." In other words, we are not concerned with any issues concerning the tax court's original alternative writ of mandamus, nor with the issue whether disregard of an alternative writ is a contempt or only a default leading to entry of a peremptory writ; we are concerned only with the

---

[1] ORS 314.365 provides in part:

If a taxpayer fails to file a return within 60 days of the time prescribed by any law imposing a tax upon or measured by net income, the judge of the Oregon Tax Court, upon petition of the department, or of any 10 taxable residents of the state, shall issue a writ of mandamus requiring the person to file a return. The order of notice upon the petition shall be returnable not later than 10 days after the filing of the petition. The petition shall be heard and determined on the return day or on such day thereafter as the court shall fix, having regard to the speediest possible determination of the case, consistent with the rights of the parties. . . .

[2] ORS 34.620:

No court or judge, on the return of a writ of habeas corpus, has power to inquire into the legality or justice of any order, judgment or process specified in ORS 34.330, nor into the justice, propriety or legality of any commitment for a contempt made by a court, officer or body, according to law, and charged in such commitment, as provided by law.

manner in which the court made its order of commitment for contempt of that alternative writ.

■ Although the reference to "purging" the contempt is more common in a civil contempt commitment, we take it from the phrasing of the tax court's order and the specification of a 90-day sentence that the court intended to "punish" the defendant for contempt. If Westerfield's failure to respond to the alternative writ of mandamus in this case constituted contempt of court, it would be for "[d]isobedience of any lawful judgment, decree, order or process of the court . . . ." ORS 33.010(e). It would not be a "contempt committed . . . in the immediate view and presence of the court" for which summary punishment is provided by ORS 33.030. Rather, it would be an indirect contempt for which the procedure is specified in ORS 33.040. That section reads:

> In cases other than those mentioned in ORS 33.030, before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance. The affidavit shall set forth the facts constituting the contempt, but need not contain recitals of matters already appearing in the record of any action, suit or proceeding in which the person charged with contempt has been personally served with process. It shall be sufficient if the name of the State of Oregon be added as a party plaintiff in the affidavit and proceedings following it, without any action of the district attorney, and without any proceedings for adding such party.

The following sections further specify procedures to be followed in imposing punishment for contempt, which include the defendant's right to release pending judgment under a security release or a release agreement, ORS 33.080, and his right to his own or, if necessary, to appointed counsel, ORS 33.095.

It appears on the face of the papers before us in this case that these statutory procedures were not followed in issuing the order committing Westerfield for contempt, since there was no prior order to show cause or warrant to bring him before the tax court to answer, as required by ORS 33.040. The order therefore was not a "commitment . . . made . . . according to law" within ORS 34.620 and is subject to examination on writ of habeas corpus. Accordingly, we ordered Westerfield discharged from custody.