Submitted on briefs August 18, reversed and
remanded for further proceedings November 26, 1979

# CITY OF KLAMATH FALLS,
*Respondent,*

*v.*

# BAILEY,
*Appellant.*

## (No. 78-22c, CA 12474)
602 P2d 1107

Ken E. Bailey, In Propria Persona, Klamath Falls,
ed the briefs for appellant.

B. J. Matzen, City Attorney, Klamath Falls, filed
e brief for respondent.

[331]

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

Thornton, J., specially concurring opinion.

**BUTTLER, J.**

Defendant was found in direct contempt of court during a trial on a traffic citation in the City of Klamath Falls municipal court. He was summarily ordered incarcerated in the Klamath County jail until 4:00 p.m. of the day in question, and at that time he was returned to court where the trial judge read to him the findings and contempt order on which the summary contempt was based, and imposed a $150 fine [1] in addition to the time theretofore served in the county jail.

Defendant appealed to the circuit court where, on motion of the city, the contempt order was reviewed solely on the findings and order of the municipal court judge: in other words, whether the findings supported the contempt order. The circuit court found that they did and affirmed; defendant appeals. The only question we consider is whether the defendant, on appeal to the circuit court, was entitled to a trial on contested findings contained in the contempt order. We hold that he was, and reverse.

The municipal court judge apparently proceeded pursuant to ORS 33.030, which provides:

"When a contempt is committed in the immediate view and presence of the court or officer, it may be

---

[1] There is no statute relating to contempts of a municipal court. However, such courts are equated in many respects to justice courts, with respect to which ORS 52.040 and 52.050 provide:

(ORS 52.040):

"ORS 33.010 to 33.110 and 33.130 to 33.150, defining contempts, and the proceeding for punishing a party guilty of a contempt, shall apply to justices' courts, except as otherwise specially provided in ORS 52.050."

(ORS 52.050):

"The punishment for a contempt in a justice's court shall be by fine or imprisonment, or both, but such fine shall in no case exceed $25, nor the imprisonment 10 days."

these statutes apply to municipal courts, the fine imposed exceeded the statutory maximum. *But see State ex rel Oregon State Bar v. Lenske,* 243 Or 7, 405 P2d 510, 407 P2d 250 (1965), *cert den* 384 US 943 (1966).

[333]

punished summarily, for which an order must be made reciting the facts as occurring in such immediate view and presence, determining that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed."

The order entered by the municipal judge complied with the statute in that it recited the facts which he stated occurred in his immediate view and presence, determined that defendant was thereby guilty of a contempt, and prescribed the punishment.

The power of a court to punish for direct contempt in a summary manner is inherent in all courts, and arises from the necessity of preserving order in judicial proceedings. *See Rust v. Pratt,* 157 Or 505, 72 P2d 533 (1937); *appeal dismissed* 303 US 621, 58 S Ct 648, 82 L Ed 1084 (1938). The court may punish for such contempts summarily, without notice or trial, if timely done, and without other proof than its actual knowledge of what occurred. *Ex parte Terry,* 128 US 289, 313, 9 S Ct 77, 32 L Ed 405 (1888); *cf. Taylor v. Gladden,* 232 Or 599, 377 P2d 14 (1962).

The requirement that the trial judge in such cases make an order reciting the facts upon which he relies in ordering the contempt and imposing the punishment is intended to permit meaningful review on appeal. In most instances, the reviewing court may determine from the transcript of proceedings in the trial court whether the facts found by the trial judge are supported by the record, and whether the facts so found constitute a contempt as a matter of law. In this instance, no such meaningful review was available because the municipal court is not a court of record, and unless the contemnor is entitled to a trial on the contested issues of fact, there can be no meaningful review other than whether the facts found are sufficient to constitute a contempt and justify the punishment imposed.

As a general proposition, an appeal from a convic-

on in a municipal court of any city is taken and perfected in the manner provided by law for taking appeals from justice courts. ORS 221.350. On appeal from a justice court to the circuit court, in both criminal (ORS 157.060) and civil (ORS 53.090) cases, the case is tried anew in the circuit court. Procedures in both types of cases recognize the need, arising from the lack of a transcript of proceedings in the justice or municipal court, to try factual issues anew on appeal in the circuit court. Regardless of whether the summary contempt proceeding be considered civil or criminal, or whether those statutes control appeals in such proceedings, we think the same concept applies here where the contemnor disputes the findings made by the municipal court judge.

Although the Oregon cases in which there is an appeal from an order of summary contempt involve appeals from a court of record, at least one case supports the proposition that the contemnor is entitled to dispute the trial judge's findings on appeal. In *State of Oregon v. Yates,* 208 Or 491, 302 P2d 719 (1956), the defendant was an attorney who was held in summary contempt by the trial judge during the course of a trial wherein the defendant objected "to the Court's irascible tone." The transcript of the trial court proceedings indicated what was said by both the judge and the defendant which gave rise to the contempt order, but it did not indicate the court's tone of voice, or indicate the manner in which the defendant had objected, that is whether respectfully or disrespectfully. The record in the Supreme Court was supplemented by affidavits from both the judge, the defendant, ten jurors and other witnesses who were in the courtroom at the time the alleged contempt occurred. The Supreme Court considered them and reversed the summary contempt conviction.

Another case in which the findings of the trial judge, who held the defendant in summary contempt, were in dispute on appeal is *United States v. Marshall,* F2d 372 (CCA 9th Circuit, 1971). There were

[335]

seven defendants in the principal criminal proceeding out of which the summary contempt orders arose, six of whom were held to have been in contempt. A majority of the court vacated the adjudications of contempt and remanded the proceedings to the district court to conduct pleadings pursuant to notice and hearing under rule 42, Federal Rules Criminal Procedure. One judge concurred in part and dissented in part. There were two orders with respect to the six defendants, each relating to incidents found to be contemptuous of the court. With respect to the order concerning which there was a factual dispute, he concurred in the remand; with respect to the other order, about which the record was clear as to what occurred in support of the trial court findings, he dissented.

While neither the *Yates* nor *Marshall* cases is in point, each of them demonstrates that where the contemnor disputes the finding of the trial judge on appeal, even an appeal from a court of record, a procedure will be devised to permit that dispute to be resolved. If that be the rule with respect to appeals from a court of record, *a fortiari,* it should be the rule in an appeal from a municipal court, where no record is made.

Accordingly, the order of the circuit court affirming the contempt order of the municipal court is reversed, and the case is remanded for further proceedings consistent with this opinion.

**THORNTON, J.,** specially concurring.

I agree with the majority's conclusion that reversal would be required because the circuit court did not afford defendant a trial *de novo* on the contested findings on which the municipal court's order was purportedly based. However, I would not reach this issue for the following reason: Defendant was denied his right to counsel in municipal court at the time of sentence. Therefore, his sentence for contempt was a complete nullity in my view.

Defendant was charged in the Municipal Court of

he City of Klamath Falls with failing to stop at a stop sign. At 8:30 a.m. on the day of trial defendant appeared, accompanied by a nonlawyer friend, whom he referred to as his "Christian counsel." Defendant sought to have the nonlawyer represent him, citing ORS 52.060, which allows a nonlawyer to act as an attorney in justice of the peace courts. The municipal judge indicated that this statute had no application to the municipal court of Klamath Falls, refused to permit such representation, and ordered the trial to proceed.[1] Defendant strenuously objected, insisted that he was entitled to be represented by the nonlawyer, and refused to be seated as ordered by the judge. The judge thereupon summarily ordered defendant incarcerated in the Klamath County jail until 4 p.m. the same day. At the appointed hour of 4 p.m., defendant was again brought before the court, and the court made the following order:

> "IT IS THEREFORE ORDERED that the Defendant be, and hereby is, found in contempt of Court and that he be punished by confinement in the Klamath County Jail from 8:30 a.m. December 19, 1977, to 4:00 p.m. December 19, 1977, and to further pay a fine to the City of Klamath Falls in the sum of $150.00."

Defendant thereupon appealed his contempt conviction to the Circuit Court for Klamath County. On appeal to the circuit court, the contempt order was reviewed on the record below and the circuit court entered an order affirming the contempt order.

Defendant now appeals to this court, again appearing as his own attorney. He assigns as error the following:

> "The court erred by not ruling on the motion for court appointed attorney before handing down the order affirming the municipal court order.

---

[1] So far as I can determine from the record, both the charter and ordinances of the City of Klamath Falls are silent on the right of nonlawyer representation in the municipal court. *See Oregon State Bar v. Wright,* 280 Or 693, 573 P2d 283 (1977); *Balcom v. Municipal Court,* 23 Or App 218, 541 P2d 1307, *rev den* (1975).

"The court erred in not trying the case on the facts."

It appears that the municipal judge was proceeding under ORS 33.030, which deals with direct contempts.

Contrary to the majority, I do not believe that the municipal court proceeded according to law. For reasons which follow I would reverse and remand.

It may be that defendant, if indigent, was not entitled to an attorney at the time of his initial incarceration at 8:30 a.m.; however, as I read ORS 33.095,[2] defendant, if indigent, was entitled to have counsel appointed for his defense when he was brought before the municipal judge the second time., *i.e.,* at the further proceedings on the contempt charge at 4 p.m. While ORS 33.095 does not specifically mention ORS 33.030, it does refer to ORS 33.010, which, *inter alia,* defines direct contempts. Further, ORS 33.095 provides that the defendant is entitled to counsel when he is " * * * by any other means brought before a court to answer for any contempt * * *."

It is significant, I submit, that the circuit court, prior to proceeding with the appeal referred to above, advised defendant of his right to court appointed counsel if defendant were indigent.[3]

---

[2] ORS 33.095 provides:

"(1)  A party cited to show cause why he should not be held for contempt of court or arrested to answer or by any other means brought before a court to answer for any contempt alleged pursuant to ORS 23.020, 23.785, 33.010 or 33.040 shall be entitled to be represented by counsel.

"(2)  If the alleged contemnor is not represented by counsel when he comes before the court, the court shall inform him of the right to counsel, and of the right to appointed counsel if the alleged contemnor is indigent and the proceedings may result in any incarceration. If the alleged contemnor is indigent and the proceedings may result in his incarceration, the court, upon the alleged contemnor's request, shall appoint counsel to represent him."

[3] Defendant informed the court that he would represent himself. Four months later but before the court's decision was handed down, defendant changed his mind and filed motions for court appointed counsel. The court did not, however, rule on those motions.

[338]

Further, and entirely apart from ORS 33.095, I believe defendant had a right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution. *See In Re Oliver*, 333 US 257, 68 S Ct 499, 92 L Ed 682 (1948). *See also Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 570 P2d 52 (1977). While I have found authority for the proposition that a person incarcerated for a direct contempt is not entitled to a hearing, I have found no case holding that an indigent contemnor is not entitled to counsel.

In *Henkel v. Bradshaw*, 483 F2d 1386 (9th Cir 1973), the court expressed the view that a defendant should not be imprisoned under this section (ORS 33.020)[4] without representation by counsel. Proceedings for the punishment of those accused of the violation of a decree are quasi-criminal and the statutory provision relating thereto must be strictly complied with. *Trullinger v. Howe*, 58 Or 73, 113 P 4 (1911); *State ex rel. v. Mount*, 139 Or 694, 10 P2d 606 (1932). *Accord: In re Westerfield*, 285 Or 615, 592 P2d 549 (1979).

Inasmuch as the municipal court failed to appoint counsel for defendant or make any inquiry as to his indigency at the time of the sentencing on contempt, in my view the court was without jurisdiction to proceed; those proceedings were a nullity and should be vacated forthwith. ORS 33.095.

---

[4] ORS 33.020 provides:

"(1) Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both; but such fine shall not exceed $300 nor the imprisonment six months, except in the cases mentioned in subsection (2) of this section; and when the contempt is not one of those mentioned in paragraphs (a) and (b) of subsection (1) of ORS 33.010, or in subsection (1) of ORS 1.240, it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby before the contempt can be punished otherwise than by a fine not exceeding $100.

"(2) In addition to the punishment provided for in subsection (1) of this section, the court or judge shall have power to constrain performance of any lawful order, judgment or decree of such court or judge, by imprisonment of the person failing or refusing to comply, until the order, judgment or decree has been complied with."

Lack of jurisdiction appearing on the face of the record may be raised on the court's own motion at any time. *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977).